KONIG v. BELLA DORA MANAGEMENT, INC.

(No. 83 CVF 3638—Decided September 2, 1983.)

Akron Municipal Court.

*Mr. Marc R. Wolff,* for plaintiffs.
*Mr. Jeffrey D. Dunlap,* for defendant.

COLOPY, J. This case was tried before the court without a jury on August 16, 1983, on the claim of the plaintiffs and the counterclaim of the defendant.

On March 25, 1981, the plaintiffs, Peter Konig et al., as tenants, and the defendant, Bella Dora Management, Inc., as landlord, entered into a lease denominated an "Apartment Lease" (the "lease") of premises (the "premises") at 1501 Mac Drive, Suite No. 8, Stow, Ohio. The stated term of the lease was from March 25, 1981, to March 24, 1982, but by the agreement of the parties it was effective until plaintiffs vacated the premises on March 29, 1983.

Plaintiffs for their claim are seeking to recover their security deposit of $285, and, in addition, pursuant to R.C. 5321.16(C), an amount for damages of $285, plus reasonable attorney fees. The defendant is seeking to recover the amount of $140 from plaintiffs on account of cleaning and repairing done at the premises as a result of the plaintiffs' alleged negligent maintenance of the premises during their occupancy of same. The sum of $140 represents the difference between the security deposit of $285 and the total amount of $425 for cleaning and repairing items listed on "plaintiff's exhibit 4" (the "list").

R.C. 5321.16(B) and (C) read as follows:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

The court finds that the plaintiffs did provide defendant with a forwarding ad-

dress as required by R.C. 5321.16(B). The court also finds that the defendant complied with the requirements of R.C. 5321.16(B). The list is sufficient as the itemized written notice. The list was delivered within thirty days after termination of the rental agreement and delivery of possession.

The court finds that based upon the evidence adduced at trial the defendant is entitled to recover on only two of the items of the list, to wit: the patching of the carpet near the doorway and the broken commode seat. Without undertaking a detailed discussion of the other items on the list, the court finds that defendant has not proven by a preponderance of the evidence his right to recover on account of these items. Taking into account the fact that plaintiffs are not liable for normal wear and tear to the premises during their occupancy, the defendant has failed to prove its damages.

The court finds that the fair and reasonable cost of patching the carpet is $45 and for repairing the commode $15. Thus plaintiffs are entitled to recover $225 of their security deposit — $285 minus $60.

The court must next address the question of whether plaintiffs are entitled to recover double the amount wrongfully withheld under R.C. 5321.16(C). As has been stated above, the court has found that the defendant properly delivered the required written notice to the plaintiffs within thirty days. Plaintiffs have referred this court to *Berlinger* v. *Suburban Apt. Mgmt.* (1982), 7 Ohio App. 3d 122, which held in paragraph three of its syllabus that:

"Where a landlord wrongfully withholds a portion of a tenant's security deposit, the landlord is liable to the tenant, under R.C. 5321.16(C), for double the amount of money wrongfully withheld, plus reasonable attorney fees even though the landlord provided the tenant with an itemized written notice of charges against

the security deposit pursuant to R.C. 5321.16(B)."

This holding, being that of a court of appeals other than that of our own Ninth Appellate District is not binding on this court. This court believes that the holding just quoted is not correct. The plain language of the statute is that for the "double recovery" provision to apply the landlord must have failed to comply with R.C. 5321.16(B). The Eighth Appellate District in *Berlinger* stated at page 126 that:

"* * * [W]e are persuaded that appellee failed to comply with R.C. 5321.16(B) when it did not remit to appellant the 'amount due' * * *."

The appellate court equated the "amount due" with the amount properly or lawfully due, not just the difference between the security deposit and the sum of the items listed — rather, each of the items must be properly assessed against the tenants for the landlord to escape a "double recovery."

In *Dwork* v. *Offenberg* (1979), 66 Ohio App. 2d 14 [20 O.O.3d 36], the Tenth Appellate District stated in its syllabus that:

"1. The landlord's failure to provide the tenant with a list of itemized deductions from a security deposit as required by R.C. 5321.16(B) renders the landlord liable pursuant to R.C. 5321.16(C) for double damages only as to the amount wrongfully withheld.

"2. The amount wrongfully withheld is computed by subtracting any lawful deductions proved by the landlord from the security deposit."

The appellate court in *Berlinger,* however, held that *whenever* some of the security deposit is wrongfully withheld, the tenant is entitled to recover that amount. This is not what a reading of the sections in question according to the plain language of those sections indicates. "Amount due" is the difference between the total of the itemized deductions and the security deposit regardless of the "lawfulness" of any or all of the deduc-

tions listed. The purpose of the burden imposed on landlords by R.C. 5321.16(B) is to give tenants prompt notice of the deductions from the security deposit which they *believe* to be lawful, so that tenants may take prompt action to settle any dispute between themselves and their former landlords. The purpose of the obligation is not to ensure the "lawfulness" of the deductions itemized. When a tenant gives a forwarding address as required by R.C. 5321.16(B), the landlord has complete, objective control over whether a written notice of the deductions which are believed to be "lawful" is given to the tenant. To hold that all deductions listed in the written notice must be "lawful" ignores the possibility, which must be encouraged by our judicial system, that differences between landlord and tenant can be resolved by good faith negotiation short of litigation. This process should be the rule rather than the exception.

It is to be noted that in the case before the court the plaintiffs and the defendant have conflicting conclusions as to the amount "wrongfully withheld" and the court finds that this amount is a third, different sum. This is a typical situation. The court does not believe the landlord should be penalized merely for reaching a different conclusion as to the amount lawfully withheld than is ultimately determined by a court to be correct. The court states its holding on this issue as follows:

When a landlord provides a tenant with an itemized written notice of charges against the security deposit pursuant to R.C. 5321.16(B) within the thirty-day period set forth in R.C. 5321.16(B), the landlord is not liable to the tenant for double the amount which is determined by the court to be wrongfully withheld, plus reasonable attorney fees, but only for the amount wrongfully withheld.

The tenants may recover the full amount of every wrongful deduction, but double that amount only when they have not been supplied with the required written notice within the thirty-day period. Thus, in the case before the court, the plaintiffs are entitled to recover from the defendant only $225, not $450.

Plaintiffs are not entitled to recover their reasonable attorney fees for the same reason discussed above — the landlord complied with the obligations of R.C. 5321.16(B).

*Judgment accordingly.*