NOBIS, APPELLANT, *v.* E. A. ZICKA COMPANY ET AL., APPELLEES.

(No. C-850302 — Decided
April 16, 1986.)

*Kelley, Grossheim & Bavely* and *E. Ronald Grossheim,* for appellant.

*Katz, Teller, Brant & Hild* and *James F. McDaniel,* for appellees.

HILDEBRANDT, J. The record discloses that on October 3, 1983, the plaintiff-appellant, Patricia D. Nobis, entered into a written lease agreement with appellee E. A. Zicka Company ("Zicka")[1] to rent apartment 301 of the premises located on East Towers Drive in Cincinnati, Ohio. On that day, appellant also executed a security deposit agreement in which it was acknowledged that appellant had deposited $270 with Zicka. The agreement further provided in part that:

"It is expressly understood and agreed that if the TENANT fails to comply with any and all of the terms, covenants and conditions of said Lease, or surrenders said premises without written consent of the LANDLORD, or abandons the same prior to expiration of the Lease, or is dispossessed therefrom, then in such event the security deposit shall be retained by the LANDLORD to be applied by him in payment of all such

damages permitted by law, including but not limited to costs of renovation of the premises, and repairs and damages to premises caused by TENANT, members of his household, guests, licensees or invitees, but in no event shall the liability of TENANT for such damages and repairs be limited to the amount of this Security Deposit."

Appellant was also served with a document entitled "Notice to Prospective Tenants" which reads in part:

"(2) Your apartment has been completely renovated prior to your occupancy at a cost to the Landlord of $250.00. No new Tenant will be permitted to occupy this apartment until it has again been completely renovated. If you sign a Lease and fail to remain as a Tenant for the full twelve (12) months, you will be liable for the costs to renovate your apartment of $250.00. This amount will not be prorated."

Appellant took occupancy of apartment 301 on November 5, 1983. Shortly thereafter she became engaged to be married, which prompted her to notify Zicka in December 1983 of her intention to vacate the apartment on or before March 31, 1984. Beginning in early 1984, appellant permitted Zicka's agents to show the apartment to prospective tenants. Appellant was not physically present in the apartment after March 16, 1984; however, her rent was current through April 1984, having been paid by her on or about April 4, 1984. Printed upon the check which appellant tendered to Zicka for her April rent was her new address.

On April 18, 1984, appellant received a letter from Zicka's agent, appellee Erin Roby. The letter was dated April 7, 1984 and it advised appellant that her $270 security deposit was being applied to any unpaid rent and premature renovation costs. The letter further advised appellant that she was liable for rent during the lease term unless Zicka successfully re-rented the apartment

---

[1] Zicka is a sole proprietorship and the owner of the premises in question.

prior to the expiration of the lease. The envelope that contained the above letter also contained an invoice in the amount of $250 for cleaning and re-renting costs. Zicka admits that the $20 balance due appellant was not returned to her within the thirty days required by R.C. 5321.16.[2] The invoice acknowledged receipt of appellant's April rent payment and advised her that she would receive a "final invoice" concerning her security deposit. The above documents were sent to appellant at apartment 301. On April 29, 1984, appellant was still in possession of her keys to apartment 301 and returned there to remove the remainder of her personal property.[3] Upon her return, she discovered that the apartment had been re-rented.[4]

On May 16, 1984, Roby sent a letter to appellant at her new address advising her that apartment 301 had been re-rented, thus relieving appellant of further liability under the lease. Roby further advised that the security deposit was being applied to the cost of renovating the apartment.

On July 18, 1984, appellant filed a complaint in the Hamilton County Municipal Court in which she alleged that appellees Zicka and Roby wrongfully applied $250 of her security deposit to the renovation of apartment 301, and that they did not return any portion of the deposit within thirty days after appellant vacated the premises.[5] The complaint further alleged that either Zicka or Roby permitted appellee Eilerman to trespass in apartment 301 during appellant's leasehold, and that the appellant had been deprived of certain personal property.

The cause was tried by the court below without the intervention of a jury. At the conclusion of the trial, the court entered judgment for appellant against appellee Zicka in the amount of $40.[6] The court further awarded appellant attorney fees against Zicka in the amount of $85.

Thereafter, appellant filed a request for findings of fact and conclusions of law and a motion for a new trial. The trial court held a hearing on the motions on March 20, 1985. On April 23, 1985 the court adopted the findings of fact and conclusions of law as proposed by

---

[2] R.C. 5321.16 provides in part:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent.* * *

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him,

together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

[3] Appellant moved the majority of her personal belongings from the apartment on March 31, 1984.

[4] Zicka re-rented the apartment effective May 1, 1984. However, the new tenant, appellee Sue Eilerman, was permitted by Zicka to move her personal property into the apartment on April 28, 1984.

[5] As we previously noted, Zicka acknowledges that $20 of the appellant's security deposit was wrongfully withheld.

[6] During oral arguments before this court, counsel for appellant and counsel for appellees agreed that this amount represents what the trial court determined to be the amount of the security deposit wrongfully withheld and damages in the amount equal to the amount wrongfully withheld.

the appellees. The court further overruled appellant's motion for a new trial.

From the judgment of the court below, appellant brings this timely appeal in which she asserts four assignments of error. For her first assignment of error, the appellant urges that the trial court erred in awarding inadequate damages to the appellant. We find the assignment of error to be without merit.[7]

* * * For her third assignment of error, appellant maintains that the trial court erred in failing to award adequate attorney fees. We find the assignment of error to be meritorious.

As we noted above, the trial court awarded attorney fees to appellant in the amount of $85. The record discloses that during trial, counsel for appellant submitted an affidavit concerning the value of the services he rendered in the cause *sub judice*. Counsel was prepared to testify to the court concerning those services. The court indicated that it would wait until after it had made a decision on the merits of the case before addressing the issue of attorney fees: "[i]f there's a favorable disposition for the plaintiff, we then will wait for the question of attorney's fees."

Nowhere in the record is it exhibited that the court permitted counsel for appellant to authenticate the value of his services as set forth in his affidavit. Rather, the court observed during the hearing on the appellant's motion for a new trial that: "[i]t was my belief that, hearing the testimony, that there was a possibility the matter might have been brought to a conclusion with one hour's work by the attorney representing the plaintiff; and that's how I arrived at the $85. I determined that that is what might have been involved, which I felt was at that point a reasonable fee. We

didn't argue the hourly rate in any manner. And, of course, as I had indicated earlier, we had not. But based on the evidence presented at the trial is how I arrived at the attorney's fees. All right."

DR 2-106(B) of the Code of Professional Responsibility sets forth the following guidelines for determining the reasonableness of a fee:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

R.C. 5321.16(C) provides for an award of attorney fees in cases such as this one. Consequently, we conclude that the trial court erred when it failed to permit appellant to proceed on that issue prior to rendering its verdict. Accordingly, we sustain the appellant's third assignment of error.

* * *

Accordingly, we affirm the judgment of the court below as to the issues raised in the appellant's first, second and fourth assignments of error. We reverse the judgment concerning the award of attorney fees and remand that cause to the trial court for further pro-

ceedings in accordance with this opinion and law.

*Judgment accordingly.*

KEEFE, P.J., and KLUSMEIER, J., concur.