SMITH ET AL., APPELLANTS, v. PADGETT, APPELLEE.

[Cite as Smith v. Padgett (1987), 32 Ohio St. 3d 344.]

(No. 86-1537—Decided September 16, 1987.)

*George Nicholas Kafantaris,* for appellants.

*Peter M. Iskin* and *Legal Aid Society of Cleveland,* urging reversal for *amicus curiae,* Cleveland Tenants Organization.

HERBERT R. BROWN, J. The parties and the courts below have recognized that this case requires the resolution of two distinct issues: (1) whether a lessee is competent to testify as to his or her opinion of the rental value of the leased premises, absent a showing of specialized knowledge of rental values in general; and (2) whether a landlord who wrongfully withholds a portion of a tenant's security deposit is thereby rendered liable for double damages and reasonable attorney fees under R.C. 5321.16(C), where the landlord timely furnishes the tenant with an itemized list of deductions from the deposit pursuant to R.C. 5321.16(B). As the *amicus curiae* suggests, however, a proper resolution of the first issue requires a threshold determination of the measure of damages recoverable by a tenant when a landlord breaches a promise to make repairs to the leased premises. Clearly, the *competence* of a lessee to give an opinion as to the reasonable rental value of the leased premises is meaningless unless such opinion is *relevant* to the determination of damages.

## I

### A

Ohio courts have held that where a landlord breaches a promise to make repairs to the leased premises, a proper measure of the tenant's damages is "the difference between the rental value of the premises in the condition they were in without such repair and what the rental value would have been if the repairs had been made." *Cochran* v. *Widra* (App. 1931), 35 Ohio Law Abs. 608, 611, 41 N.E. 2d 875, 877. See, also, *Holder* v. *Farmakis* (App. 1951), 66 Ohio Law Abs. 279, 282, 117 N.E. 2d 491, 494.

The "diminution-in-value" rule, as pointed out by the *Cochran* court, is supported by the weight of authority from other jurisdictions. See 49 American Jurisprudence 2d (1970) 812, Landlord and Tenant, Section 844. Accord Annotation (1953), 28 A.L.R. 2d 446, 481.

The *amicus curiae* would have us abandon the diminution-in-value rule in favor of a "reduction-in-use" measure of damages. Under such measure, damages would be based upon the percentage reduction of a tenant's use of the leased premises resulting from the landlord's breach. In *Pugh* v. *Holmes* (1979), 486 Pa. 272, 295-297, 405 A. 2d 897, 909-910, the Pennsylvania Supreme Court adopted the reduction-in-use rule for cases involving a breach of an implied warranty of habitability.

We observe, without deciding, that where premises are in whole or in part rendered *uninhabitable,* a measure of damages based upon the tenant's reduced *use* of the premises has a certain attraction. In contrast, where, as here, the tenant has not alleged that the landlord's failure to make repairs rendered the premises uninhabitable, the reduction-in-use measure would result in an inaccurate calculation of the tenant's true loss. For example, a landlord's failure to make promised repairs might not result in any reduction in the tenant's *use* of the premises, even though it does result in a diminu-

tion in the *value* of the tenant's leasehold. We will not endorse such an ill-fitting measure of damages in this case.

Therefore, we hold that where a landlord breaches a promise to make repairs to the leased premises and the tenant does not elect to make the repairs, the measure of damages is the difference between the rental value of the premises in their unrepaired condition and what the rental value would have been had the promised repairs been made.[1] The stipulated rent amount is presumptive evidence of the rental value of the premises as repaired, but it is not conclusive.

## B

We next turn to an analysis of whether a lessee is competent to give opinion testimony as to the rental value of the leased premises, absent a showing of expertise in real estate and rental values.[2]

Ohio law has long recognized that an owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property. In *Morris* v. *Huber* (App. 1933), 15 Ohio Law Abs. 71, 73, a case involving real property, the court quoted with approval from 22 Corpus Juris (1920) 586-587, Evidence, Section 685, which reads:

" 'The owner of real estate is assumed to possess sufficient acquaintance with it to estimate the value of the property, and his estimate is therefore received *although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.*' " (Emphasis added.) (Footnotes omitted.) See, also, *Bedard* v. *Protetch* (App. 1955), 78 Ohio Law Abs. 508, 511, 5 O.O. 2d 277, 279, 151 N.E. 2d 773, 775-776, quoting with approval from 20 American Jurisprudence (1939) 751, Evidence, Section 892.

This court and various Ohio courts of appeals have applied this so-called "owner-opinion rule" in cases involving personal property. See, *e.g., Bishop* v. *East Ohio Gas Co.* (1944), 143 Ohio St. 541, 28 O.O. 470, 56 N.E. 2d 164;

---

[1] We do not decide whether a tenant, upon the landlord's breach of a promise to make repairs, may make the repairs himself or herself, and recover the cost of such repairs in an action for damages or treat the cost of the repairs as a setoff against future rent. Nevertheless, the continuing validity of any indication in *Holder, supra,* that a tenant cannot do so would appear dubious. See *Kuhn* v. *Griffin* (1964), 3 Ohio App. 2d 195, 205, 32 O.O. 2d 278, 284, 209 N.E. 2d 824, 830; *Marlow* v. *Shipman* (Cir. Ct. 1911), 18 Ohio Law Rptr. 209. See, also, 49 American Jurisprudence 2d (1970) 809-810, Landlord and Tenant, Section 842, and cases cited therein.

Further, appellants have not alleged a cause of action for breach of a covenant of quiet enjoyment, breach of a warranty of habitability, or breach of any statutory duty under R.C. Chapter 5321, except as pertains to their security deposit. Accordingly, cases dealing with the available remedies for such breaches have no bearing upon the cause *sub judice.*

[2] Evid. R. 701, which governs opinion testimony by non-expert witnesses, provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

The language of Evid. R. 701 does not resolve the issue before us. However, the Staff Note to that rule clarifies that "[t]he rule is in accordance with Ohio law as it has developed prior to the adoption of the Rules of Evidence."

*Butram* v. *Blair* (1958), 106 Ohio App. 57, 6 O.O. 2d 312, 148 N.E. 2d 502; *Groves* v. *Gray* (1942), 74 Ohio App. 384, 29 O.O. 580, 59 N.E. 2d 166; *Detroit & Ironton RR. Co.* v. *Vogeley* (1925), 21 Ohio App. 88, 153 N.E. 86.

There is no logical basis for distinguishing between owners of freehold estates in land and owners of personal property, on the one hand, and owners of leasehold estates in land, on the other. Because the owner-opinion rule applies to owners of both real and personal property, it should apply as well to an owner of a leasehold estate.[3]

We hold that a lessee of real property is competent to give opinion testimony as to the rental value of the leased premises. The weight accorded to such testimony is, of course, a matter to be determined by the trier of fact. *Bishop, supra,* at 546, 28 O.O. at 472, 56 N.E. 2d at 166.

## II

### A

The remaining issues arise from the landlord's deductions from the tenants' deposit, of which the courts below found $105 to have been wrongfully withheld. Appellants argue that the courts below erred by not holding appellee liable for double damages and reasonable attorney fees, pursuant to R.C. 5321.16(B) and (C). Those subsections provide, in pertinent part:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant *together with the amount due,* within thirty days after termination of the rental agreement and delivery of possession. * * *

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property *and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."* (Emphasis added.)

Appellants concede that appellee gave then an itemized list of the deductions from the security deposit, but they claim that doing so was insufficient to constitute full compliance with R.C. 5321.16(B). Appellants maintain that a landlord who fails to refund the correct "amount due" from the deposit has "wrongfully withheld" the amount owing and thus the R.C. 5321.16(C) penalties are triggered.

This court has not previously considered this precise issue.[4] However, in *Vardeman* v. *Llewellyn* (1985), 17 Ohio St. 3d 24, 17 OBR 20, 476 N.E. 2d

---

[3] Ohio courts have regarded a leasehold estate as a hybrid form of property called a "chattel real." See, *e.g., Abraham* v. *Fioramonte* (1952), 158 Ohio St. 213, 48 O.O. 159, 107 N.E. 2d 321.

[4] In *Berlinger* v. *Suburban Apt. Mgmt. Co.* (1982), 7 Ohio App. 3d 122, 7 OBR 155, 454 N.E. 2d 1367, the court did consider this issue and held that a landlord had failed to comply with R.C. 5321.16(B) when it did not remit the correct "amount due" to the tenant from his security deposit, despite the fact that the landlord had furnished the tenant with an itemized list purporting to justify the deductions therefrom. But, see, *Konig* v. *Bella Dora Mgmt., Inc.* (1983), 9 Ohio Misc. 2d 7, 9 OBR 161, 458 N.E. 2d 477.

1038, we held that a landlord who *both* wrongfully withholds a portion of a security deposit and fails to timely provide the tenant with an itemized list of deductions is liable for damages equal to twice the amount wrongfully withheld[5] and for reasonable attorney fees. In so holding, we reasoned that part of the General Assembly's intent in enacting R.C. 5321.16(B) and (C) was "to provide a penalty by way of damages and reasonable attorney fees against a noncomplying landlord for the wrongful withholding of any or all of the security deposit." *Id.* at 28, 17 OBR at 24, 476 N.E. 2d at 1042.

A landlord should not be allowed to escape the intent underlying the R.C. 5321.16(C) penalties by making a list of deductions. A landlord will not be deterred from making unfounded deductions from a security deposit if the penalties provided by R.C. 5321.16(C) can be avoided by tendering a list of facially justifiable reasons for the deductions. R.C. 5321.16(B) and (C) do not require bad faith on the part of the landlord. See *Forquer* v. *Colony Club* (1985), 26 Ohio App. 3d 178, 180, 26 OBR 398, 399, 499 N.E. 2d 7, 9; *Paxton* v. *McGranahan* (App. 1985), 25 OBR 352, 355.[6] We will not inject a requirement of bad faith into this statute where the legislature has chosen not to do so.[7]

Therefore, we hold that under R.C. 5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory, even if the landlord gave the tenant an itemized list of deductions from the deposit pursuant to R.C. 5321.16(B).

B

If the trial court finds that a landlord has wrongfully withheld a portion of the tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Such determination shall not be reversed except upon abuse of discretion. See *Albreqt* v. *Chen* (1983), 17 Ohio App. 3d 79, 83, 17 OBR 140, 144, 477 N.E. 2d 1150, 1155. Cf. *Nobis* v. *E. A. Zicka Co.* (1986), 31 Ohio App. 3d 104, 31 OBR 175, 508 N.E. 2d 980; *Forquer, supra,* at 180, 26 OBR at 400, 499 N.E. 2d at 10.

However, the award of attorney fees must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16, and not to any additional claims. Where, as here, a tenant brings additional claims against the landlord, the tenant may

---

[5] In *Vardeman* we defined "amount wrongfully withheld" under R.C. 5321.16(C) as "the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make." *Id.* at 29, 17 OBR at 24, 476 N.E. 2d at 1042.

[6] R.C. 5321.16(B) and (C) differ from the comparable statutes of some other states, which explicitly require bad faith. See, *e.g.,* Cal. Civ. Code Section 1950.5(k); Ill Ann. Stat. Chapter 80, Paragraph 101,

Section 1; Tex. Property Code Ann. Section 92.109.

[7] See R.C. 5315.16(B) of proposed H.B. No. 277 of the 110th General Assembly, Regular Session, 1973-1974, which would have provided that a landlord who "has *willfully and unreasonably* refused to return upon demand any portion of the security deposit to which the tenant is entitled * * *" (emphasis added) shall be liable for three times that portion of the deposit. R.C. 5321.16(B) and (C), as enacted, do not contain this requirement.

not use R.C. 5321.16(C) to recover attorney fees attributable to the additional claims.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for further proceedings in accordance with our opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER and DOUGLAS, JJ., concur.

WRIGHT, J., concurs separately.

HOLMES, J., concurs in part and dissents in part.

DOUGLAS, J., concurring. I enthusiastically concur in the well-reasoned opinion of Justice Brown. It is comforting to see that a majority of this court interprets the Landlord-Tenant Act as it is written. The policy goal sought by the General Assembly in passing the Act was to assure evenhandedness and fairness—fairness to tenants as well as landlords. Today's decision finally carries out that legislative intent. Many of the problems that concerned me, as set forth in my dissent in *Vardeman* v. *Llewellyn* (1985), 17 Ohio St. 3d 24, 29, 17 OBR 20, 25, 476 N.E. 2d 1038, 1042, have been addressed and corrected by the decision we issue today.

WRIGHT, J., concurring. Although I concur in the syllabus and much of the reasoning contained in the majority opinion, I write separately to emphasize that R.C. 5321.16(C) specifically provides that an award of attorney fees must be "reasonable." In my view the term "reasonable" not only encompasses a determination by the trial court regarding the complexity of the case, the number of hours necessary to prepare the action and whether the fee is commensurate with other legal fees charged in the community but, in addition, the trial court should consider the amount wrongfully withheld by the landlord and the relation it bears to the total deposit supplied by the tenant.

For instance, an award of attorney fees of one thousand dollars for having recovered ten dollars which is wrongfully withheld from a four hundred dollar deposit would constitute an absurd result in contravention of well-established rules of statutory construction. *State, ex rel. Haines,* v. *Rhodes* (1958), 168 Ohio St. 165, 5 O.O. 2d 467, 151 N.E. 2d 716, paragraph two of the syllabus.

This precise point was articulated by the Supreme Court of Minnesota in *Asp* v. *O'Brien* (1979), 277 N.W. 2d 382, 385, wherein it was noted that even though neither the number of hours nor the amount billed per hour was excessive, "* * * we are not inclined to allow the award of the full amount [of fees], particularly where the amount * * * recovered is small in comparison to the attorney's fees assessed."

The operative word governing attorney fees under R.C. 5321.16(C) is that the award be "reasonable" and, as such, trial courts should consider the amount wrongfully withheld by the landlord and the relation such amount bears to the deposit supplied by the tenant as but one factor when making such awards.

HOLMES, J., concurring in part and dissenting in part. I am in full agreement with the majority's decision that a tenant is competent to testify as to the rental value of leased premises in their unrepaired condition. However, I respectfully dissent from Part II of the opinion, as it inequitably

penalizes landlords who, in good faith, miscalculate the amount they may lawfully withhold from a lessee's security deposit.

This court set forth the proper parameters for construing the Landlord-Tenant Act in *Vardeman* v. *Llewellyn* (1985), 17 Ohio St. 3d 24, 28, 17 OBR 20, 23-24, 476 N.E. 2d 1038, 1041, wherein we stated:

"The Landlord-Tenant Act must be interpreted in such a manner that fair and equitable treatment will be afforded to both landlords and tenants. In many instances, the statute may be reasonably construed as having been enacted with the recognition of some degree of imbalance in the stance of the tenant in his dealings with the landlord; however, we must not construe any portion of the Act so as to render an inequity on the landlords of this state."

I do *not* believe that landlords should be able to avoid the penalty provisions of R.C. 5321.16(C) by merely providing the former tenant a facially adequate itemization. Nor would I go so far as to require the tenant who disagrees with such an itemization to demonstrate bad faith on the part of the landlord. I would simply require the landlord to demonstrate that he reasonably believed the deductions made were lawful, before invoking the penalty provisions of R.C. 5321.16(C).

R.C. 5321.16(B) provides that the landlord may apply the security deposit to: (1) past due rent, (2) damages suffered by the landlord by reason of the tenant's noncompliance with R.C. 5321.05, or (3) damages suffered by reason of the tenant's noncompliance with ·the rental agreement. Accord *Albreqt* v. *Chen* (1983), 17 Ohio App. 3d 79, 81, 17 OBR 140, 142, 477 N.E. 2d 1150, 1153. He may do so only after giving prompt, written notice to the tenant by way of an itemized list of the deductions made. The purpose of this notice is *not* to ensure the "lawfulness" of the deductions itemized. Rather, it is to enable and encourage tenants to promptly resolve any disputes with their former landlords. It is the rule rather than the exception that the landlord, the tenant, as well as the court, will have differing conclusions as to what amounts may be properly withheld. See, *e.g., King* v. *Neufeld* (Jan. 31, 1986), Wood App. No. WD-85-14, unreported; *Zolla* v. *Lancz* (June 24, 1983), Lucas App. No. L-83-041, unreported; *Berlinger* v. *Suburban Apt. Mgmt. Co.* (1982), 7 Ohio App. 3d 122, 7 OBR 155, 454 N.E. 2d 1367; *Konig* v. *Bella Dora Mgmt., Inc.* (1983), 9 Ohio Misc. 2d 7, 9 OBR 161, 458 N.E. 2d 477. Where, as here, a landlord has timely complied with the notice requirements of R.C. 5321.16(B), he should not be penalized merely for reaching a different conclusion as to the amount lawfully withheld than is ultimately determined by a court to be correct. Accord *Konig*, 9 Ohio Misc. 2d at 9, 9 OBR at 163-164, 458 N.E. 2d at 479. Today's decision holds landlords strictly and unreasonably accountable for honest mistakes which will inevitably be made. The inequity it visits on sincere landlords is not consistent with the overall purpose of the Landlord-Tenant Act, nor the specific purpose of R.C. 5321.16(C).

Accordingly, I would join in reversing the decision of the court of appeals, but would remand the case for a determination of whether Padgett reasonably believed the itemization amounts were lawful, before assessing double damages and any attorney fees against him.