### Mazer v. Fish
*[Cite as 4 AOA 25]*

*Case No. C-890345*
*Hamilton County (1st)*
*Decided June 27, 1990*

Allen Schwartz, Esq., 2345 Kemper Lane, P.O. Box 6129, Cincinnati, Ohio 45206, for Plaintiffs-Appellees.

B. David Fish, Esq., Barrister House, 216 East Ninth Street, Second Floor, Cincinnati, Ohio 45202, for Defendants-Appellants.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket and journal entries, the original papers and pleadings from the Hamilton County Municipal Court, the transcript of the proceedings, the assignments of error, the briefs and the arguments of counsel.

This appeal is from the orders of the court terminating litigation which began when the plaintiffs-appellees brought suit to recover a security deposit lodged with the defendants-appellants, as landlords, which was alleged to have been wrongfully withheld. The cause was tried without the intervention of a jury.

Michael and Eileen Mazer entered into a lease of a residence owned by B. David and Linda Fish, and security deposits totalling $1000 were made. When the Mazers notified the Fishes that the premises would be vacated and the lease not renewed, the Fishes listed the real estate for sale. Eventually, the residence was rented to another tenant.

When the Mazers demanded the return of the deposits, the Fishes advised them by a letter, which detailed and itemized their reasons, not only that there would be no refund but also that the Mazers owed additional money. Resultantly, the Fishes counterclaimed for compensation for damage to a window shade and for severe inflic-

tion of emotional distress allegedly sustained as a consequence of a verbal exchange between the parties incident to the vacation of the premises.

In a written decision, the court held that certain deductions claimed by the Fishes were valid but that, by law, the Mazers were entitled to twice the balance of the remainder of the deposit. Counsel for the Mazers had been directed to submit an affidavit with respect to fees for his services. The Fishes objected to such procedure. The affidavit was filed and indicated fees totalling $3,025. The court awarded the Mazers the sum of $2,000, and certain expenses which were subsequently eliminated by separate order.

The Fishes assign five errors, the first of which is:

"The trial court erred to the prejudice of appellants in granting a judgment for plaintiffs-appellees-tenants, Michael and Eileen Mazer, when it granted appellants'counterclaim demand for damages for unreturned keys, but failed to award appellants damages for rent lost during the month the keys were not returned."

In support of this thesis, the Fishes contend that because the court found that their claim for a deduction from the deposits of $45 for a set of keys was valid, the court could not have found that the Mazers were not liable for rent beyond the term of the lease.

The first assignment is overruled because there is nothing within the record before us to demonstrate that the failure of the tenants to return the keys to the landlords caused the landlords to lose any rental income. The conclusion reached below to award the landlords the cost of replacement keys did not require it to award a sum for loss of rent as a matter of law. Therefore, the findings of the court with respect to the issue broached in the first assignment are neither contrary to law nor against the manifest weight of the evidence.

The second assignment is:

"The trial court erred to the prejudice of appellants in granting a judgment for plaintiffs-appellees-tenants, Michael and Eileen Mazer, against their former landlord, appellants, on the issue of lost rent, when the trial court held that the former tenants'minimally non-cooperated' in showing the subject property, notwithstanding the statutory presumption (O.R.C. §5321.04 (A)(8)) that twenty-four hours is reasonable notice for the landlord to enter into the dwelling unit to show it to prospective or actual purchasers or tenants and the statute's mandate (O.R.C. §5321.(B)) that the tenant shall not unreasonably

withhold such consent for the landlord to exhibit the dwelling unit to prospective purchasers or tenants."

The essence of the Fishes' "argument supporting this assignment is that R.C. 5321.04(A)(8), read in conjunction with R.C. 5321.(B), requires a tenant to provide a landlord access to the tenant's dwelling unit upon twenty-four hours" notice and that failure by the tenant to do so creates a presumption that thereby the landlord suffered a loss of rental income.

The Fishes give us no case law to support their contention and rely upon Evid. R. 301 to persuade us that the court erred. While this rule of evidence does provide that "a presumption imposes upon the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption," it does not follow that an unrebutted or unmet presumption mandates a conclusion that the beneficiary of the presumption suffered monetary loss as a matter of law.

Even when the record here is construed most favorably to the Fishes, it fails to demonstrate that the court erred when it held that:

"Defendants failed to prove, by a preponderance of the evidence, that any non-cooperation by plaintiffs in the showing of the subject property, which non-cooperation the court finds to be minimal, with (sic) the proximate cause of any loss of rental by defendants. During the month of October, 1987, the property was under contract to a tenant who was to take possession on November 1. Thus the property was not available for rental. It is pure speculation as to whether the loss of one or two showings of the property would have directly resulted in a lease commencing one month earlier."

Accordingly, the second assignment of error is overruled because it is unsupported by the record and because the conclusion below is neither contrary to law nor against the manifest weight of the evidence.

We proceed next to consider the fourth assignment, which is:

"The trial court erred to the prejudice of appellants in granting a decision which the trial court believes to be harsh."

The introductory clause in the first sentence of the third paragraph of the court's written decision does indicate the belief of the court that the award of double damages in this case constituted a harsh result. However, the court then indicated that despite such personal belief the result was obtained because of the pronounce-

ment of the Supreme Court in *Smith v. Padgett* (1987), 32 Ohio St. 3d 344, 513 N.E.2d 737, the third syllabus paragraph of which holds:

"Under R.C. 5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory even if the landlord gave the tenant an itemized list of deductions from the deposit pursuant to R.C. 5321.16(B)."

Although the employment of "harsh" as an adjective to qualify the judgment may be said to be improvident, it does not render the holding erroneous as a matter of law. The assignment of error is without merit because the court was obliged to follow the mandate of the statute as interpreted by the Supreme Court and the holding questioned by the fourth assignment is harmonious therewith.

The fifth assignment of error is:

"The trial court erred to the prejudice of appellants by ruling in favor of appellees on the appellants' counterclaim of intentional infliction of emotional distress."

The claim of the Fishes for damages for emotional distress has its genesis in the alleged threat by Lowell Mazer, father of Michael Mazer, made in the course of the confrontation in the driveway to the Mazers' residence to use a rock to break the windows in the residence being vacated. Linda Fish testified that she "feared" Lowell Mazer would, indeed, break the windows if the security deposits were not returned. The argument advanced to support the Fishes' claim of error is that since none of the appellees, particularly Lowell Mazer, gave testimony to rebut the threat of criminal conduct, the court erred in failing to award compensation.

We find nothing in the record which should have compelled the court below to have awarded even nominal damages. Whatever fear Linda Fish experienced was, upon this record, transitory and trifling. Therefore, we dispose of the claimed loss according to the maxim *de minimus non curat lex*, which renders the fifth assignment meritless. Accordingly, it is overruled.

We now address the third assignment, which is:

"The trial court erred to the prejudice of appellants in awarding appellees, over written objection, attorney fees based on affidavit only."

We agree and sustain this assignment.

Clearly, an award of attorney fees made pursuant to R.C. 5321.16(C) must be reasonable.

Reasonableness of a fee must be determined by the trial court's contemplation of the complexity of the case before it, the time required to respond to the issues therein and whether the fee is commensurate with those charged in the community. The trial court may also consider the amount wrongfully withheld and its relation to the total deposit. See *Smith v. Padgett, supra* (Wright, J., concurring).

In fine, due process is required, and this includes affording the landlord found to have withheld a deposit wrongfully the right to confront and cross-examine the tenants and their attorney. Here, the attorney's affidavit was challenged by the landlords, and the court erred in failing to grant the Fishes the opportunity to pursue their rights to inquire into the factors noted above.

The judgment of the Hamilton County Municipal Court is reversed only in regard to that part which awards an attorney fee and is affirmed in all other respects.

This cause is remanded to the Hamilton County Municipal Court for further proceedings according to law not inconsistent with this decision.

*Judgment affirmed in part,*
*reversed in part, and*
*cause remanded.*

SHANNON, P.J., DOAN and GORMAN, JJ.