OPINION
Appellants Tyler and Elizabeth Congdon appeal a judgment of the Mansfield Municipal Court awarding them $985 in attorney fees and pre-judgment interest on a judgment against appellees Richard and Twila Senters:
ASSIGNMENTS OF ERROR:
 I. BASED UPON THE FINDINGS OF FACT OF THE TRIAL COURT IN ITS JUDGMENT ENTRY OF MAY 13, 1998, THE COURT BELOW ERRED IN DENYING PLAINTIFFS THE REASONABLE AND NECESSARY ATTORNEY FEES AND COURT REPORTER EXPENSES THEY INCURRED IN RECOVERING A JUDGMENT FOR THEIR SECURITY DEPOSIT.
 THE COURT BELOW ERRED IN ITS JUDGMENT ENTRY OF MAY 13, 1998, IN HOLDING THAT THE MAXIMUM FEE AWARD IS AN AMOUNT EQUAL TO THE SECURITY DEPOSIT WHEN THE COURT MAKES A MANDATORY ORDER FOR THE LANDLORD TO PAY THE TENANT'S ATTORNEY FEES PURSUANT TO R.C. 5321.16(C).
 II. THE COURT BELOW ERRED IN FAILING TO AWARD THE APPELLANT'S PRE-JUDGMENT INTEREST ON THE ENTIRE JUDGMENT OF 2/24/98.
Appellants were tenants who brought the instant action against their landlords, appellees, to recover their residential security deposit, plus double damages, pursuant to R.C. 5321.16. Following trial, the trial court found that the security deposit was wrongfully withheld. The court awarded appellants the return of their security deposit in the amount of $550, plus an additional $550. The court ordered further hearing on the issue of attorney fees.
Following a hearing on attorney fees, the court entered judgment denying all fees in excess of $550, the amount of the security deposit. The court awarded pre-judgment interest beginning on the date the complaint was filed.
 I.
The court found that the rate of $140 per hour, charged by appellants' attorneys, was reasonable. The court further found that 36.7 hours expended in the case was necessary. However, the court concluded that because the amount of attorney fees awarded in a landlord/tenant action must bear some rational relationship to the amount at stake, the court could not award attorney fees exceeding the amount of the security deposit.
The trial court based its award of attorney fees on an incorrect interpretation of the law. If a trial court finds that a landlord has wrongfully withheld a portion of a tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Smith vs. Padgett (1987), 32 Ohio St.3d 344, at paragraph four of the syllabus. The award must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16. Id.
Because the court erred and applied an improper standard to the award of attorney fees, we must reverse and remand for a determination of the appropriate amount of fees under the correct standard.
Appellees argue that in preparing Findings of Fact for the court's signature, appellants misrepresented the court's oral pronouncement from the bench concerning attorney fees. However, no transcript of the proceedings was ordered or prepared in the instant case. In any event, the court signed the Findings of Fact and Conclusions of Law, thus adopting them as his own. It is axiomatic that a court of record speaks only though its journal. E.g., Schenley vs. Kauth (1953), 1 60 Ohio St. 109.
The first Assignment of Error is sustained.
 II.
Appellants argue that the court erred in failing to award pre-judgment interest form the date the security deposit was wrongfully withheld. The court awarded pre-judgment interest beginning on the date the complaint was filed, and ending on the date of judgment. Appellees' reliance on R.C. 1343.03(C) is misplaced. That statute applies to pre-judgment interest awarded on a judgment in a tort action. The instant action is not based in tort, but rather is based in contract.
Where the amount owing under a contract is clear, interest runs on the debt from the time it was due and payable, even though liability for the debt is disputed. Cleveland Health Services vs.St. Clair Builders (1989), 64 Ohio App.3d 639, 647. In the instant case, the amount due for return of the security deposit was clear, even though appellees' liability to return the deposit was in dispute. Having decided to award pre-judgment interest, the court erred in failing to award interest from the date the security deposit was to be returned.
The second Assignment of Error is sustained.
The judgment of the Mansfield Municipal Court is reversed. This case is remanded to that court with instruction to determine the amount of attorney fees under the appropriate legal standard, and prejudgment interest from the date the security deposit was due and payable.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is reversed. This case is remanded to that court with instruction to determine the amount of attorney fees under the appropriate legal standard, and prejudgment interest from the date the security deposit was due and payable. Costs to appellees.