JUDGMENT: Reversed and Remanded
 OPINION
Appellants Tyler and Elizabeth Congdon were tenants, who brought the instant action against their landlords, appellees Richard and Twila Senters. Appellants sought to recover the residential security deposit, plus double damages, pursuant to R.C. 5321.16. Appellees filed a counterclaim. Following trial, the Mansfield Municipal Court found that the security deposit was wrongfully withheld. The court awarded appellants the return of their security deposit, plus an additional $550 pursuant to statute. The court held a hearing on the issue of attorney fees. Following the hearing, the court entered judgment denying all fees in excess of $550, the amount of the security deposit. The court found that the rate $140 per hour, charged by appellants' attorney, was reasonable. The court further found that 36.7 hours expended in the case was necessary. However, the court concluded that because the amount of attorney fees awarded in a landlord/tenant action must bear a rational relationship to the amount at stake, the court could not award attorney fees exceeding the amount of the security deposit. On appeal, this court reversed. We found that the court based its award of attorney fees on an incorrect interpretation of the law. We therefore remanded the case for determination of fees under the correct legal standard. On remand, the court found that $600 in fees were rationally related to recovery of the security deposit, and denied appellant's claim for attorney fees in the amount of $5138. Appellants appeal the judgment awarding attorney fees in the amount $600:
 ASSIGNMENT OF ERROR
BASED UPON THE FINDINGS OF FACT OF THE TRIAL COURT IN ITS JUDGMENT ENTRY OF MAY 13, 1998, THE COURT BELOW ERRED IN AWARDING THE TENANTS ONLY $600.00 OF THE ATTORNEY FEES PREVIOUSLY FOUND TO BE REASONABLE AND NECESSARY.
Appellants argue that because the court previously found attorney fees in the amount of $5138 to be reasonable and necessary, the court could not enter judgment in the amount of $600 on remand. If a trial court finds the landlord has wrongfully withheld a portion of a tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Smith v. Padgett (1987), 32 Ohio St.3d 344 at paragraph four of the syllabus. However, the award of attorney fees must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16. Id. This court shall not reverse an attorney fee determination except upon abuse of discretion. Id. The trial court found: The 36.7 hours Plaintiffs' counsel expended in this case were necessary in light of a variety of factors including that the Plaintiffs had to prove an oral agreement amending a written lease agreement, the original landlord sold the property and Plaintiffs were suing the successor landlord, witnesses needed by the Plaintiffs were unwilling to testify and had to be subpoenaed, Defendants heatedly opposed the Plaintiffs' action every step of the way contending Plaintiffs were not entitled to any of their security deposit, and there were issues related to the admissibility of secretly recorded telephone conversations. As the transcript indicates, the complaint for the return of the security deposit was highly contested and required a defense of a counterclaim. The counterclaim alleged appellants did not move out on the agreed date and included the general damages provision of the lease. The counterclaim required discovery proceedings, depositions and trial. By judgment entry filed February 24, 1998, the trial court found against appellees on the counterclaim. For the trial court to concede that the amount of time expended was reasonable in light of the case presented and then to award a fee tantamount to a charge of $16.35 per hour for trial counsel's endeavor, is to in fact condone an abuse of the court system by litigants. It sends a clear message that condones the action of withholding a security deposit because the cost of recovery is too great. It invites an abuse of the legal process and punishes litigants from seeking their day in court. It telegraphs a clear message that the prosecution of small claims is too expensive. The assignment of error is sustained.
The judgment of the Mansfield Municipal Court is reversed and remanded for further proceedings in accord with law and consistent with this judgment.
By Gwin, J., Wise, P.J., and Farmer, J., concur