DECISION.
In September 1995, plaintiffs-appellants James and Marilyn Williams entered into a residential lease agreement with defendant-appellee The Glacid Group, Inc. ("Glacid"). According to the terms of the lease, the Williamses were to pay a $10,000 security deposit and $1,500 per month in rent. The lease further provided that $1,000 of the deposit was due upon execution of the agreement, that an additional $4,000 was due prior to occupancy, and that the remaining $5,000 was due within six months of occupancy. The Williamses also had an option to purchase the property. In the event that they exercised that right, the lease provided that they were to "receive a credit toward the purchase price in the amount of $10,000, which represents the security deposit herewith."
In August 1998, the Williamses advised Glacid that they would not be exercising their option and would be vacating the premises upon expiration of the lease term. After they had moved from the property and had provided Glacid with a forwarding address, they requested a return of their $10,000 security deposit. Glacid, however, failed either to return the security deposit or to provide the Williamses with a written notice itemizing its deductions from the security deposit.
In January 1999, the Williamses filed suit against Glacid and its president, John Glaser III, alleging that the defendants had violated R.C. 5321.16 by failing to timely return their security deposit. Accordingly, they sought to recover the amount of the deposit, plus five percent interest in accordance with R.C. 5321.16(A), as well as $10,000 in damages and attorney fees pursuant to R.C. 5321.16(C). They also sought compensation for the $1,728.20 that they claimed to have expended on repairs to the property.
Thereafter, both the Williamses and Glaser moved for summary judgment. Glaser asserted that he was entitled to summary judgment because the Williamses' failure to demonstrate that he had acted in other than his corporate capacity precluded a finding of personal liability on his part. The Williamses, in turn, asserted that the defendants' violation of R.C. 5321.16 entitled them to the damages, interest, and attorney fees that they sought. In response to the Williamses' motion, the defendants asserted that only the first $1,000 of the $10,000 paid by the Williamses represented a security deposit subject to R.C. 5321.16. They maintained that the remaining $9,000 represented a payment that secured the Williamses' option to purchase the property.
After hearing argument, the trial court granted Glaser's motion for summary judgment, thereby dismissing him as a defendant in the case. The trial court also granted the Williamses' motion for summary judgment against Glacid, but awarded them only $10,000. Although no written decision accompanied the trial court's judgment entry, the record reflects that the trial court determined as a matter of law that the entire $10,000 was a security deposit. Despite this, the trial court did not award the Williamses damages or attorney fees. The trial court concluded that Glacid's failure to return the security deposit did not constitute a "wrongful withholding" under R.C. 5321.16(C), given Glacid's belief that the bulk of the money represented an option payment, not a security deposit.
In this appeal, the Williamses raise two assignments of error. We begin our analysis with their second assignment, in which they challenge the trial court's granting of summary judgment to Glaser. Having reviewed the record, we conclude that the Williamses failed to present sufficient evidence to raise a genuine issue of material fact as to whether Glaser had acted in a personal, rather than a corporate, capacity. In this regard, the evidence demonstrated only that Glaser's involvement was limited solely to his role as president of Glacid. Under these circumstances, Glaser was entitled to judgment as a matter of law.[1]
The second assignment of error is overruled.
In their first assignment of error, the Williamses contend that the trial court erred in failing to award them interest on the security deposit, and in failing to award them damages and attorney fees, as required by R.C. 5321.16(C). We agree.
We begin, however, by briefly discussing their additional contention that the trial court erred in failing to award them damages for repairs they had made to the property. We reject this argument on the basis that the record reflects that the Williamses failed to present sufficient evidence to create a genuine issue of material fact as to whether Glacid was responsible to pay the repair expenses claimed. Given this, Glacid was entitled to judgment as a matter of law on that claim.
The Williamses did demonstrate, however, their entitlement to damages, interest, and attorney fees relative to their security-deposit claim.
We determine that the trial court correctly found as a matter of law that the entire $10,000 was a security deposit, when the lease clearly and unambiguously described it as such. Glacid was, therefore, required to comply with R.C. 5321.16, which governs the procedure for handling security deposits.
R.C. 5321.16(A) provides as follows:
 Any security deposit in excess of fifty dollars or one month's periodic rent, whichever is greater, shall bear interest on the excess at the rate of five per cent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant.
 The Williamses' $10,000 deposit was in excess of their monthly rent payment of $15,000, and they remained in possession of the premises for more than six months. Given the undisputed facts, the Williamses were entitled to the payment of interest as a matter of law. Consequently, we conclude that the trial court erred in failing to award interest.
Pursuant to R.C. 5321.16(B), a landlord who intends to withhold all or part of a tenant's security deposit must send the tenant, within thirty days of the lease's termination and delivery of possession by the tenant, written notice containing an itemization of the deductions taken from the deposit. Moreover, if a landlord fails to comply with this requirement, R.C. 5321.16(C) provides that "the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees."
It is undisputed that Glacid did not return to the Williamses what was, as a matter of law, a security deposit. Nor did Glacid provide them with written notice itemizing any deductions within the thirty days provided under R.C. 5321.16(B). Glacid, therefore, failed to comply with R.C. 5321.16(B) and was liable for damages "in an amount equal to the amount wrongfully withheld" and for reasonable attorney fees. Contrary to the trial court's belief, it was of no consequence that Glacid failed to return the $10,000 under the erroneous belief that the $10,000 was not a security deposit and was not, therefore, subject to R.C. 5321.16. Courts have routinely held that a landlord's intent in failing to return the amount of the security deposit due a tenant was irrelevant to the assessment of damages under R.C. 5321.16(C).[2]
Generally, it would not be possible to assess damages under R.C.5321.16(C) in proceedings upon a motion for summary judgment, because a determination of "the amount wrongfully withheld" would entail the resolution of material disputed facts, such as the reasonableness of claimed deductions. The unique facts of this case, however, lend themselves to a resolution of the measure of damages in such proceedings. Because it is undisputed that the entire security deposit was not timely returned, and that no deductions were properly claimed, it can be said as a matter of law that $10,000 was the amount wrongfully withheld. The Williamses were thus entitled to $10,000 in damages.
In conclusion, summary judgment was appropriate for Glaser on all claims advanced in the Williamses' complaint, for Glacid on their claim seeking reimbursement for repairs to the leased premises, and for the Williamses on their claim seeking the return of their security deposit. To that extent, the judgment entered below is affirmed.
The court erred, however, in declining to award the Williamses interest on the excess security deposit, pursuant to R.C. 5321.16(A), and damages and reasonable attorney fees, pursuant to R.C. 5321.16(C). For those reasons, we sustain the first assignment of error, reverse the judgment in relevant portion, and remand this matter to the trial court for further proceedings consistent with law and this Decision.
Sundermann, P.J., Winkler and Shannon, JJ.
 Raymond E. Shannon, retired of the First Appellate District, sitting by assignment.
[1] See Centennial Ins. Co. of New York v. Vic Tanny Internat'lof Toledo, Inc. (1975), 46 Ohio App.2d 137, 346 N.E.2d 330.
[2] See e.g., Smith v. Padgett (1987), 32 Ohio St.3d 344, 349,513 N.E.2d 737, 742.