[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} In this landlord-tenant dispute, Mark A. Goins, the tenant, filed a complaint for the return of a $305 security deposit from his former landlord, Theodore T. Sherrod. Goins recovered his security deposit, as well as an additional $305. Goins was represented by attorney Stephen R. Felson. Pursuant to R.C. 5321.16(C), Felson applied to the court for costs and reasonable attorney fees as a result of the landlord's noncompliance with R.C. 5321.16(B), which describes the procedures a landlord must follow before withholding a tenant's security deposit. Hearings were conducted concerning the amount of attorney fees to be awarded Felson.
{¶ 3} The amount of reasonable attorney fees to be awarded under R.C. 5321.16(C) is within the sound discretion of the trial court.[1]
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2] When awarding reasonable attorney fees pursuant to Ohio statute, "the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B)."[3] These factors are the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent.[4] All factors may not be applicable in a given case, and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation.[5] "Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere."[6]
{¶ 4} In the first assignment of error, Felson contends that the trial court erred in awarding him only $700 because it "may not reduce an otherwise reasonable statutory fee request on the ground that the amount recovered in the underlying case was small." The award of $700 represented 4 hours at an hourly rate of $175. Felson had requested $1,189, which represented 5.8 hours at an hourly rate of $205. The magistrate brought to Felson's attention that he had just recently charged the lesser rate of $175 per hour. Felson did not disagree, and the magistrate noted that this was Felson's normal fee in the magistrate's written decision. In Felson's affidavit, he also noted that he had handled many landlord-tenant cases. The record does not show that there was anything about Goins's case that was markedly dissimilar to Felson's previously handled landlord-tenant cases. The magistrate also discussed DR 2-106(B) and specifically noted the factor concerning the amount involved and the results obtained in determining the reasonableness of the fee award. While the hours were adjusted downward, and the rate per hour was reduced, after reviewing the record, we cannot say that the trial court's determination of attorney fees was arbitrary, unreasonable or unconscionable. Accordingly, Felson's first assignment of error is overruled.
{¶ 5} In the second assignment of error concerning the supplemental attorney fees of $350 awarded to Felson, Felson contends that the trial court's failure to state the basis for the fee reduction was reversible error. He had requested $2,047.50, which represented 11.7 hours at an hourly rate of $175 per hour. The trial court conducted a lengthy hearing, specifically noting for the record the time that it had spent, before deciding upon the amount of Felson's supplemental attorney fees. As the rate per hour was not an issue with regard to the supplemental attorney fees, the trial court reviewed Felson's submitted recapitulation of hours spent on the case. It appeared to the trial court that some of the hours charged by Felson concerned matters peripheral to Felson's actual representation of Goins. The trial court also discussed the factors it was required to consider before arriving at its decision concerning the reasonableness of the supplemental fees and cited to DR 2-106(B). After reviewing the record, we cannot say that the trial court's determination of supplemental attorney fees was arbitrary, unreasonable or unconscionable. Accordingly, Felson's second assignment of error is overruled.
{¶ 6} Therefore, the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Smith v. Padgett (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, paragraph four of the syllabus.
[2] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[3] See Bittner v. Tri-County Toyota, Inc., (1991), 58 Ohio St.3d 143,145, 569 N.E.2d 464.
[4] See DR 2-106(B).
[5] See Bittner v. Tri-County Toyota, Inc, (1991), 58 Ohio St.3d 143,145-146, 569 N.E.2d 464; Parks v. Kanani (Mar. 21, 2002), 10th Dist. No. 01AP-905, 2002-Ohio-1316.
[6] See Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143,146, 569 N.E.2d 464, quoting Brooks v. Hurst Buick-Pontiac-Olds-GMC,Inc. (1985), 23 Ohio App.3d 85, 91, 491 N.E.2d 345.