**PROCTOR, Dir., Plaintiff,**

v.

**VANCE et al., Defendants.**

2006-Ohio-4677.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2004CVH1356.

Decided Aug. 24, 2006.

---

Jutta E. Martin, Assistant Attorney General, for plaintiff.

C. Francis Barrett, for Eva Vance.

James G. Nichols, for Clermont County Treasurer.

---

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter is before the court on the plaintiff's motion in limine, filed on August 18, 2006. The defendant filed a memorandum in opposition on August 21, 2006. The court has considered the memoranda and relevant legal authority and renders the following decision.

{¶ 2} Trial in this matter has been set to determine the value of the defendant's property, which is being appropriated for the expansion of State Route 28 in Milford, Ohio. The defendant's list of lay witnesses includes Charles Vance, who is the defendant's husband but who holds no current interest in the property. Citing the "owner-opinion rule," the plaintiff seeks an order instructing the defendant to refrain from eliciting testimony from Charles Vance regarding his opinion about the fair market value of the property.

 {¶ 3} Evid.R. 701 permits a lay witness to testify in the form of an opinion if the opinion is "rationally based on the perception of the witness" and is "helpful to a clear understanding of his testimony or the determination of a fact in issue." [1] Under the owner-opinion rule, an owner of real property, by virtue of his ownership and without qualification as an expert, is competent to testify to his property's fair market value.[2] The rule is based on the presumption that " 'the owner of real estate * * * possess[es] sufficient acquaintance with it to estimate the value of the property, and his estimate is therefore received although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.' " [3] Thus, the rule is an exception that allows for the admission of opinion evidence that might otherwise be incompetent.

---

1. See, generally, *Cincinnati v. Banks* (2001), 143 Ohio App.3d 272, 291, 757 N.E.2d 1205.

2. See id.; *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 605 N.E.2d 936, paragraph two of the syllabus; *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 347, 513 N.E.2d 737.

3. *Smith*, 32 Ohio St.3d at 347, 513 N.E.2d 737, quoting 22 Corpus Juris (1920) 586–587, Evidence, Section 685; see, also, *Tokles & Son, Inc.*, supra, paragraph two of the syllabus.

█ {¶ 4} Here, the defendant states in her memorandum that Charles Vance previously owned the subject property jointly with his wife but conveyed it to his wife for estate-planning purposes. The defendant states further that Charles Vance has been involved in the property's purchase, development, and lease and has remained intimately familiar with it since conveying his interest to his wife.

{¶ 5} The benefit of the rule should not be denied to a person whose interest is tantamount to that of an owner by virtue of having purchased, or dealt with, the property as if he were the individual owner [, who] may testify as to its value.

This means that the witness must show that he is familiar with the property itself and that he has current sufficient knowledge of the value of the item by, for example, demonstrating a firsthand knowledge of the characteristics of the property, its actual and potential uses and its condition or by showing other meaningful experience in dealing with the item.[4]

{¶ 6} Assuming that the defendant can lay the foundation for Charles Vance's opinion testimony by establishing the facts as represented in her memorandum, his opinion testimony as to the value of the property will be admitted. The motion is denied.

Motion denied.

---

4. *Tokles & Son, Inc.,* supra, at 627.