[Cite as *Manninen v. Alvarez*, 2014-Ohio-75.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CHARLES O. MANNINEN, | : | |
| | | CASE NO. CA2013-06-106 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 1/13/2014 |
| - vs - | : | |
| | : | |
| VICTORIA ALVAREZ d.b.a. | : | |
| VICTORIA'S STUDIO & GALLERY, | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |


APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVI200174


Sams, Fischer, Packard & Schuessler, LLC, Joshua T. Morrow, 8738 Union Centre Boulevard, West Chester, Ohio 45069, for plaintiff-appellant

Joseph R. Matejkovic, 8050 Beckett Center Drive, West Chester, Ohio 45069-5018, for defendant-appellee


**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Charles Manninen, appeals a decision of the Butler County Area III Court denying his motion for attorney fees. For the reasons set forth below, we reverse the judgment of the trial court and remand the matter for further proceedings

consistent with this opinion.[1]

{¶ 2} On February 10, 2012, Manninen filed a small claims action against defendant-appellee, Victoria Alvarez, for the recovery of a $600 security deposit Manninen paid to lease an apartment from Alvarez. Manninen claimed, pursuant to R.C. 5321.16, that Alvarez failed to properly refund the security deposit in a timely manner. After a contested hearing, the magistrate rendered his decision on October 3, 2012, ruling in favor of Manninen and finding Alvarez had wrongfully withheld $427.13 from Manninen's security deposit. In compliance with R.C. 5321.16, the magistrate ordered Alvarez pay to Manninen the wrongfully withheld sum of $427.13 plus an additional $427.13 in damages for a total of $854.26 plus interest and court costs. As to attorney fees, the magistrate found no evidence had been presented on the matter but ruled that Manninen "may file a Motion on the [attorney fees] issue and allow [Alvarez] to respond, or the parties can agree to have a hearing on a (sic) matter." The trial court adopted the magistrate's decision without objection on November 5, 2012.

{¶ 3} On December 13, 2012, Manninen moved for an order awarding attorney fees. Attached to the motion was the affidavit of Dwight Packard II, as well as attachments of billing records (the "Packard Affidavit"). Packard averred that, in his capacity as a partner at the law firm representing Manninen, he could verify that Joshua Morrow had been Manninen's attorney, that Manninen had incurred reasonable fees based upon Morrow's services, and that the billing records attached to the affidavit reflected the charges owed by Manninen.

{¶ 4} On December 20, 2012, the trial court scheduled a "hearing for attorney's fees" for January 16, 2013. A magistrate presided over the hearing and ultimately denied Manninen's motion, finding: (1) attorney fees are "optional" under R.C. 5321.16, and (2) that,

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

- 2 -

"although there was no evidence" presented, the "matter was brought and defended by both parties in the good faith belief that they had valid claims and defenses," and, therefore, attorney fees are not appropriate.

{¶ 5} Manninen timely objected to the magistrate's decision, arguing attorney fees are mandatory under R.C. 5321.16, and sufficient evidence was presented through the Packard Affidavit to warrant an award of attorney fees. Manninen did not order or provide a transcript of the January 16, 2013 hearing to the trial court. The trial court held a hearing on Manninen's objections on April 19, 2013.[2]

{¶ 6} On May 24, 2013, the trial court sustained in part and overruled in part Manninen's objections to the magistrate's decision. The trial court found that an award of attorney fees is mandatory under R.C. 5321.16 so long as the moving party has established the fees to which he is entitled. Thus, the trial court rejected the portion of the magistrate's decision finding that attorney fees are optional under R.C. 5321.16. However, because Manninen did not provide a transcript of the January 16, 2013 magistrate hearing pursuant to Civ.R. 53(D)(3)(b)(iii), the trial court overruled Manninen's objection as related to the denial of an award of attorney fees.

{¶ 7} Manninen appeals the trial court's decision, raising four assignments of error:

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF MANNINEN BY CONSIDERING "POTENTIAL" EVIDENCE THAT WAS NOT PROPERLY BEFORE THE COURT.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE [TRIAL] COURT ERRED TO THE PREJUDICE OF MANNINEN BY

---

2. A copy of the April 19, 2013 transcript is not in the record.

ESSENTIALLY REQUIRING AN EVIDENTIARY HEARING DESPITE THE RECORD CONTAINING UNCONTESTED EVIDENCE.

{¶ 12} Assignment of Error No. 3:

{¶ 13} THE [TRIAL] COURT ERRED TO THE PREJUDICE OF MANNINEN BY CONSIDERING OPPOSING COUNSEL'S RHETORIC AS CONFLICTING EVIDENCE.

{¶ 14} Assignment of Error No. 4:

{¶ 15} THE [TRIAL] COURT ERRED TO THE PREJUDICE OF MANNINEN TO THE EXTENT THAT ITS DECISION DENYING FEES WAS BASED UPON A LACK OF TRANSCRIPT IN RECORD (SIC).

{¶ 16} In his four assignments of error, Manninen argues the trial court improperly denied his motion for attorney fees because (1) the only evidence presented to the trial court was the Packard Affidavit; (2) Alvarez produced no contradictory evidence to the Packard Affidavit; and (3) an evidentiary hearing was not necessary in order for the trial court to award attorney fees. Manninen further contends he was not required to provide a copy of the transcript of the January 16, 2013 hearing to the trial court because his arguments relate to the magistrate's legal conclusions and do not involve questions of fact.

{¶ 17} The Ohio Supreme Court has held, "[u]nder R.C. 5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees." *Smith v. Padgett*, 32 Ohio St.3d 344 (1987), paragraph three of the syllabus. Such liability is "mandatory." *Id.* Upon a finding that a landlord has wrongfully withheld a portion of the tenant's security deposit, the trial court "*shall* determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented." (Emphasis added.) *Id.* at paragraph four of the syllabus. A trial court's determination of the proper amount of attorney fees awarded in a R.C. 5321.16 action shall not be reversed absent an abuse of discretion.

*Id.* at 349. R.C. 5321.16(C) permits the trial court, as the trier of fact, to make its own assessment "of what is reasonable on the basis of the evidence presented." *Lacare v. Dearing*, 73 Ohio App.3d 238, 241 (11th Dist.1991). *See also Padgett* at paragraph four of the syllabus.

{¶ 18} Manninen had the burden of presenting evidence that the trial court could rely upon when awarding reasonable attorney fees. Alvarez argues the Packard Affidavit is inadmissible because it was not qualified pursuant to any exception to the hearsay rule under Evid.R. 802. The trial court determined that, due to the absence of a transcript of the January 16, 2013 hearing, it was unclear if Manninen presented evidence other than the Packard Affidavit in support of his claimed attorney fees. The trial court rejected the Packard Affidavit as competent evidence pursuant to the Tenth Appellate District's decision in *Oakwood Management Company v. Young*, because Alvarez challenged the attorney fees sought by Manninen. *Oakwood Mgmt. Co. v. Young*, 10th Dist. Franklin No. 92AP-207, 1992 WL 324338, \*4 (Oct. 27, 1992) (holding that an evidentiary hearing is not required to determine an award of attorney fees unless conflicting evidence is presented). Consequently, the trial court declined to award any attorney fees.

{¶ 19} We note initially that Alvarez's argument that the Packard Affidavit was inadmissible hearsay and the trial court's reliance on *Young* are in error. In *Young*, the trial court awarded attorney fees based solely upon a claim for attorney fees contained within a post-trial brief. *Id.* at \*1. The Tenth District observed that an affidavit as to attorney fees may be considered, but "in the case of conflicting evidence \* \* \* an evidentiary hearing [is] required to resolve the issue." *Id.* at \*4. *Young* has no application to the instant matter. The Tenth District's holding in *Young* must be construed within the context of the procedural posture it presented to the court of appeals. *Young* was an appeal of a case from the municipal court's regular civil docket. *Id.* at \*1. Therefore, the proceeding was subject to the

rules of evidence. This case is a small claims matter to which the rules of evidence, including the hearsay rule, are inapplicable pursuant to Evid.R. 101(C)(8).[3]

{¶ 20} We turn now to the trial court's ruling that the absence of a transcript of the magistrate hearing on attorney fees prevents review of the magistrate's denial of attorney fees.

{¶ 21} Civ.R. 53(D)(3)(b)(iii) provides:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), *shall be supported by a transcript of all the evidence* submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

(Emphasis added.)[4] Upon objecting to the magistrate's denial of his motion for attorney fees, Manninen should have filed a transcript of the January 16, 2013 hearing. As a transcript was not provided, the trial court's independent review of the record was limited to an examination of the magistrate's conclusions of law and recommendations in light of any accompanying findings of fact. *See Singh v. Wadhwa*, 12th Dist. Warren No. CA2013-02-009, 2013-Ohio-3997, ¶ 19 (holding that where a transcript has not been filed, "the trial court is limited to examining only the magistrate's conclusions of law and recommendations and has the discretion to adopt the factual findings of the magistrate"); *In re Estate of Haas*, 10th Dist. Franklin No. 07AP-512, 2007-Ohio-7011, ¶ 23 ("[A]lthough a trial court is required to undertake an independent review when ruling on objections pursuant to Civ.R. 53, absent a transcript or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the [magistrate's] conclusions of law and recommendations, in light of the

---

3. The record is devoid of any indication that this case was transferred to the court's regular docket.

4. Small claims matters are subject to the requirements of Civ.R. 53. *Johnston v. Ilijin*, 12th Dist. Warren No. CA93-01-005, 1993 WL 220242. *2-3 (June 21, 1993); *Thomas v. Early*, 10th Dist. Franklin No. 05AP-236, 2005-Ohio-4551, ¶ 11-12; *All Occasion Limousine v. HMP Events*, 11th Dist. Lake No. 2003-L-140, 2004-Ohio-5116, ¶ 12.

accompanying findings of fact only unless the trial court elects to hold further hearings").

**{¶ 22}** In this case, the magistrate's February 6, 2013 decision noted that, at the January 16, 2013 hearing on Manninen's motion for attorney fees, "there was no evidence." Normally, the failure to file a transcript of the magistrate's hearing would be fatal to an objection to the magistrate's factual findings, as it would prevent a trial court's independent review of the evidence. *See* Civ.R. 53(D)(3)(b)(iii). The trial court found that, due to the lack of a transcript of the magistrate's hearing, it was "unable to review any factual determination regarding the proof that was provided at the hearing and regarding the amount and reasonableness of attorney fees" and whether "Manninen * * * offered any evidence to prove his fees other than the [Packard] Affidavit]." Because the trial court was unable to "review the quality of the evidence presented at the hearing in order to determine whether Manninen [had] proved the amount of attorney fees to which he is entitled," the trial court overruled Manninen's objections and denied his motion for attorney fees.

**{¶ 23}** The trial court's decision and entry overruling Manninen's objection relating to the denial of attorney fees focuses on what other evidence Manninen may have presented besides the Packard Affidavit to support an award of attorney fees. However, the magistrate's decision provided there was "no evidence" presented at the January 16, 2013 hearing on attorney fees. Alvarez's memorandum opposing Manninen's objection to the magistrate's decision discloses she presented no evidence in opposition to the motion for attorney's fees and she concedes this in her brief. Therefore, there was no additional evidence presented at the hearing for the trial court to review.

**{¶ 24}** As stated, the rules of evidence are inapplicable to this small claims proceeding. Therefore, an informal presentation of evidence is permissible and the Packard Affidavit attached to Manninen's motion for attorney fees was competent evidence. The trial court noted the Packard Affidavit was before the court but refused to consider it on the basis

of *Young.* The Packard Affidavit, being properly before the trial court, may alone be sufficient evidence to support an award of attorney fees.

{¶ 25} Accordingly, the matter is reversed and remanded to the trial court for consideration of the Packard Affidavit. The trial court must determine whether there is sufficient evidence to support an award of attorney fees and, if so, in what amount is reasonable.

{¶ 26} Judgment reversed and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.