[Cite as *Manninen v. Alvarez*, 2016-Ohio-5471.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CHARLES MANNINEN, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-01-017 |
| | : | O P I N I O N |
| - vs - | | 8/22/2016 |
| | : | |
| VICTORIA ALVAREZ, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVI 2012-00174

Charles Manninen, 140 Gross Street, #114, Marietta, Ohio 45750, plaintiff-appellee, pro se

Joseph R. Matejkovic, 9078 Union Centre Blvd., Suite 350, West Chester, Ohio 45069-4879, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Victoria Alvarez, appeals from the decision of the Butler County Area III Court, which awarded attorney fees of $1,849 in favor of plaintiff-appellee, Charles Manninen, following a landlord-tenant dispute. For the reasons detailed below, we affirm the decision of the trial court.[1]

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} This appeal follows this court's remand in *Manninen v. Alvarez*, 12th Dist. Butler No. CA2013-06-106, 2014-Ohio-75 ("*Manninen I*"). The following facts from that appeal are still relevant:

On February 10, 2012, Manninen filed a small claims action against defendant-appellee, Victoria Alvarez, for the recovery of a $600 security deposit Manninen paid to lease an apartment from Alvarez. Manninen claimed, pursuant to R.C. 5321.16, that Alvarez failed to properly refund the security deposit in a timely manner. After a contested hearing, the magistrate rendered his decision on October 3, 2012, ruling in favor of Manninen and finding Alvarez had wrongfully withheld $427.13 from Manninen's security deposit. In compliance with R.C. 5321.16, the magistrate ordered Alvarez pay to Manninen the wrongfully withheld sum of $427.13 plus an additional $427.13 in damages for a total of $854.26 plus interest and court costs. As to attorney fees, the magistrate found no evidence had been presented on the matter but ruled that Manninen "may file a Motion on the [attorney fees] issue and allow [Alvarez] to respond, or the parties can agree to have a hearing on a (sic) matter." The trial court adopted the magistrate's decision without objection on November 5, 2012.

On December 13, 2012, Manninen moved for an order awarding attorney fees. Attached to the motion was the affidavit of Dwight Packard II, as well as attachments of billing records (the "Packard Affidavit"). Packard averred that, in his capacity as a partner at the law firm representing Manninen, he could verify that Joshua Morrow had been Manninen's attorney, that Manninen had incurred reasonable fees based upon Morrow's services, and that the billing records attached to the affidavit reflected the charges owed by Manninen.

On December 20, 2012, the trial court scheduled a "hearing for attorney's fees" for January 16, 2013. A magistrate presided over the hearing and ultimately denied Manninen's motion, finding: (1) attorney fees are "optional" under R.C. 5321.16, and (2) that, "although there was no evidence" presented, the "matter was brought and defended by both parties in the good faith belief that they had valid claims and defenses," and, therefore, attorney fees are not appropriate.

Manninen timely objected to the magistrate's decision, arguing attorney fees are mandatory under R.C. 5321.16, and sufficient evidence was presented through the Packard Affidavit to warrant an award of attorney fees. Manninen did not order or provide a transcript of the January 16, 2013 hearing to the trial

court. The trial court held a hearing on Manninen's objections on April 19, 2013.

On May 24, 2013, the trial court sustained in part and overruled in part Manninen's objections to the magistrate's decision. The trial court found that an award of attorney fees is mandatory under R.C. 5321.16 so long as the moving party has established the fees to which he is entitled. Thus, the trial court rejected the portion of the magistrate's decision finding that attorney fees are optional under R.C. 5321.16. However, because Manninen did not provide a transcript of the January 16, 2013 magistrate hearing pursuant to Civ.R. 53(D)(3)(b)(iii), the trial court overruled Manninen's objection as related to the denial of an award of attorney fees.

*Id.* at ¶ 2-6.

{¶ 3} On appeal, this court reversed the trial court's decision by explaining that the rules of evidence are inapplicable in such small claims proceedings and therefore "an informal presentation of evidence is permissible and the Packard Affidavit attached to Manninen's motion for attorney fees was competent evidence." *Id.* at ¶ 24. As the trial court erroneously excluded the Packard affidavit, this court found that the Packard Affidavit was properly before the trial court and "may alone be sufficient evidence to support an award of attorney fees." *Id.* at ¶ 24. Accordingly, we remanded the matter for the trial court to consider the Packard Affidavit, determine whether there was sufficient to support an award of attorney fees, and, if so, determine the reasonable amount of attorney fees. *Id.*

{¶ 4} Following remand, the trial court considered the Packard Affidavit and concluded that there was sufficient evidence to support and award attorney fees. Based upon consideration of the Packard Affidavit, as well as this court's determination in *Manninen I* finding Alvarez presented no evidence in opposition to attorney fees, the trial court determined that an award of $1,849 for attorney fees was reasonable in accordance with R.C. 5321.16. Alvarez now appeals the decision of the trial court, raising a single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEE'S MOTION FOR ATTORNEY'S FEES.

{¶ 6} In her sole assignment of error, Alvarez argues the trial court erred by granting Manninen's motion for attorney fees. We disagree.

{¶ 7} As we noted in *Manninen I*, "[t]he Ohio Supreme Court has held, '[u]nder R.C. 5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees.'" *Manninen I*, 2014-Ohio-75 at ¶ 17, quoting *Smith v. Padgett*, 32 Ohio St.3d 344 (1987), paragraph three of the syllabus. "Such liability is "mandatory."' *Id*. Upon a finding that a landlord has wrongfully withheld a portion of the tenant's security deposit, the trial court "shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented." *Padgett* at paragraph four of the syllabus. "A trial court's determination of the proper amount of attorney fees awarded in a R.C. 5321.16 action shall not be reversed absent an abuse of discretion." *Id*. at 349. "R.C. 5321.16(C) permits the trial court, as the trier of fact, to make its own assessment 'of what is reasonable on the basis of the evidence presented.'" *Manninen I* at ¶ 17, quoting *Lacare v. Dearing*, 73 Ohio App.3d 238, 241 (11th Dist.1991).

{¶ 8} In the present case, the trial court held a hearing on attorney fees. Alvarez did not present any evidence in opposition to the attorney fees. In fact, the only evidence presented regarding the issue of attorney fees was contained in the Packard Affidavit, which this court found was competent evidence to consider and "may alone be sufficient evidence to support an award of attorney fees." *Manninen I* at ¶ 24. In his affidavit, Packard averred that, in his capacity as a partner at the law firm representing Manninen, he could verify that Joshua Morrow had been Manninen's attorney, that Manninen had incurred reasonable fees of $1,849 based upon Morrow's services, and that the billing records attached to the affidavit

reflected the charges owed. The trial court, after considering the uncontested evidence, determined that $1,849 was a reasonable fee in accordance with R.C. 5321.16 and entered judgment accordingly.

{¶ 9} Based on our review, we conclude the trial court did not err by granting $1,849 for reasonable attorney fees after considering the Packard affidavit. The Packard affidavit was sufficient to prove the issue of attorney fees and the trial court's assessment of reasonable costs was appropriate. Despite this, Alvarez again argues that Packard was not an independent witness, the Packard Affidavit was not alone sufficient to support the award of attorney fees, and Manninen did not present any other evidence necessary to support a fee award. Those arguments, however, are without merit as this court determined in *Manninen I* that the Packard Affidavit was admissible and may be sufficient to support an award of attorney fees. If Alvarez wished to contest the reasonableness of the averments contained in Packard's affidavit, then she could have presented evidence to rebut those assertions.

{¶ 10} Nevertheless, Alvarez also claims that she was denied due process of law because, following this court's remand Manninen did not diligently advance the case for final resolution and the trial court did not enter a final judgment entry until nearly 23 months later. However, after review, we conclude that Alvarez's due process rights were not denied based upon the delay in final resolution of this matter. Alvarez was not prejudiced by the delay in the proceedings and was, at all times, on notice of the pending litigation.

{¶ 11} Nor do we find any merit to Alvarez's claim that she was prejudiced or denied due process of law because the magistrate and judge originally assigned to this case recused from the case "without any advance notice to the parties or any opportunity to be heard on the recusal, and without offering any explanation for the recusal." The trial court was not required to explain its decision to recuse or provide the parties with notice or an

opportunity to be heard on that decision. Simply stated, after a thorough review of the record, we find no evidence to suggest that Alvarez was denied due process of law in the resolution of this matter. Accordingly, we find Alvarez's sole assignment of error is without merit and is overruled.

{¶ 12} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.