[Cite as *Tabak v. Select Home Warranty*, 2024-Ohio-5602.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANDREW TABAK,                          :

    Plaintiff-Appellant,           :

                            No. 113810

    v.                             :

SELECT HOME WARRANTY,                  :

    Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 27, 2024

---

Civil Appeal from the Cleveland Heights Municipal Court
Case No. CVI-2301478

---

### *Appearances:*

Nelson Mullins Riley & Scarborough LLP, Zachary J. Adams, and Rachel N. Byrnes, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant Andrew Tabak ("Tabak") appeals the judgment of the Cleveland Heights Municipal Court that adopted the magistrate's decision in its entirety and found in favor of defendant-appellee Select Home Warranty ("Select") in this breach-of-contract case. Upon review, we reverse the lower court's judgment and remand the matter for a hearing on damages.

**{¶ 2}** On October 10, 2023, Tabak filed a small-claims complaint against Select in the Cleveland Heights Municipal Court. Tabak, who represented himself pro se in the lower-court proceedings, asserted a claim for breach of contract and requested damages in the amount of $2,567.50. In his complaint, Tabak alleged the following:

> Plaintiff and Defendant completed an agreement on December 5, 2022, for a 74-month home warranty. The Plaintiff paid the total amount of $2,830 for the full term. In the subsequent six months, three claims were submitted to the Defendant, and all three were approved. The Plaintiff received only one payment. The Defendant refused to process additional checks for reimbursement contrary to the terms of the agreement. They have breached their contract. The Defendant [sic] submitted a detailed demand for compensation to the Defendants, which was ignored. Therefore, Plaintiff respectfully asks the court to review the attached exact claims and supporting evidence and award Plaintiff full compensation money owed by Defendant.

**{¶ 3}** Tabak included a four-page document with the headings "History of the Case"; "Detailed chronology of events"; "Calculation of claimed amount"; and "Conclusion." Tabak indicated that he had prepaid for the 74-month home warranty after lengthy verbal negotiations plus a written email exchange between the parties, but that he was sent an inaccurate or incomplete contract and was never provided a corrected contract from Select. Tabak explained the circumstances in obtaining the home warranty, referred to evidence supporting the existence of a contract and terms that were accepted by the parties, and detailed the parties' conduct under the agreement. Tabak further expanded on the allegations he made in his small-claims complaint, he referenced other evidence to support his breach-of-contract claim, and he included an itemized calculation of his claimed damages.

{¶ 4} The case proceeded to a small-claims hearing/trial on December 4, 2023, before the court magistrate. Select was served in the action but did not file an answer and failed to appear. Tabak appeared and provided testimony and evidence to support his claim. Numerous exhibits are in the file that appear to have been presented. On December 12, 2023, a magistrate's decision was issued in which the magistrate recommended judgment in favor of Tabak but limited the damages to "the amount of $536.29" plus costs and interest.

{¶ 5} On December 14, 2023, Tabak filed objections to the magistrate's decision. He argued that no reason was provided for awarding less than the actual loss suffered and that much of the evidence had been overlooked. Tabak stated that he had "provided paid invoices for repairs totaling $2,015.00, of which the defendant reimbursed only $500.00[,]" that "none of the service calls were refunded, which amounts to an additional $90.00[,]" and that he "provided a detailed accounting of the value of the canceled insurance, but the awarded money could not include any part of it." Therefore, Tabak requested a revision of the final award to compensate him for the actual value of his loss.

{¶ 6} On December 15, 2023, the lower court issued an entry in which it deemed Tabak's objection as a request for findings of fact and conclusions of law and instructed the magistrate to submit "a proposed finding of fact and conclusion of law." On February 6, 2024, Tabak filed a motion arguing that his objection was still not addressed, and he requested a hearing and explanation.

{¶ 7} Thereafter, on February 20, 2024, the magistrate issued a "Factual Finding and Conclusion of Law." The magistrate referenced the hearing on December 4, 2023, noted Select's failure to appear, and discussed the testimony and evidence presented by Tabak in support of his claim. The magistrate recognized that Tabak "presented . . . testimony" that he and Select "entered into a written 5-year contract . . . on December 4, 2022[,]" that he paid Select $2,820.00, and that Select "was to provide maintenance to certain home systems and appliances, which were subject to a $65.00 service call fee and an aggregated policy limit of $11,000.00 per year." The magistrate indicated that Tabak testified to three requests for service repairs, for which he had only been issued a reimbursement of $500 for the first repair service for which he had paid $675. The magistrate also indicated that Tabak testified he paid $95 for each of the three service calls, but he claimed he was not reimbursed $30 for each call. The magistrate noted that Tabak had provided a copy of the parties' email correspondence and that Select approved Tabak's claim "for the full available Cap of $500.00 for the repair" and referred to "your policy section 10." Tabak had provided a copy of the $500 check. The magistrate indicated that Tabak's second and third claims were never paid and that Tabak "elected to cancel the contract and received a check in the amount of $1783.71 on August 8, 2023."

{¶ 8} Despite the undisputed testimony and evidence that had been provided by Tabak in support of his claim, and the sole objection being to the amount of damages that had been initially determined, the magistrate concluded that although Tabak established the existence of some contract, "the essential terms

of the contract were not proven" and Tabak could not establish his claim for breach of contract. The magistrate proceeded to recommend judgment in favor of Select.

{¶ 9} On February 21, 2024, Tabak filed objections to the magistrate's decision. He argued that he had provided the court with a four-page document and an additional 17 pieces of evidence to support the relevant terms of the contract. Tabak asked the court for "a total review of all evidence and a hearing" and argued that he was entitled to recover his actual loss.

{¶ 10} On March 26, 2024, the lower court issued a judgment entry in which it noted that no transcript had been filed in accordance with Civ.R. 53(D)(3)(a)(ii). Therefore, the court accepted that the magistrate had properly determined the factual issues. The court concluded that the facts were insufficient to establish the essential terms of the contract. Upon an independent review of the objected matters, the lower court adopted the magistrate's decision without modification and entered judgment in favor of Select.

{¶ 11} Tabak timely appealed the lower court's judgment. He raises two assignments of error for our review, under which he claims the lower court erred in failing to enforce the parties' contract and in finding that he did not present evidence of damages.

{¶ 12} In this small-claims action, Tabak alleged a claim for breach of contract against Select. Select failed to answer or appear in the matter. Pursuant to Civ.R. 8(D), "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the

responsive pleading." Although Tabak did not attach a copy of the contract to his complaint, he complied with Civ.R. 10(D)(1) by providing the reason for the omission in the document attached to his complaint. Further, it is evident from the record that Tabak provided evidence to prove his breach-of-contract claim and to support his claimed damages.

{¶ 13} Additionally, it is important to recognize that the rules of evidence are inapplicable to small-claims proceedings pursuant to Evid.R. 101(D)(8). *See Manninen v. Alvarez*, 2014-Ohio-75, ¶ 19 (12th Dist.). An informal presentation of evidence is permissible. *See id.* at ¶ 24. In this matter, numerous exhibits are included in the file. We also note that Tabak requested a hearing when objecting to the magistrate's decision. Though not required, the lower court could have heard additional evidence in ruling on the objections pursuant to Civ.R. 53(D)(4)(d).

{¶ 14} Nonetheless, in its judgment entry, the lower court recognized that a transcript or an affidavit of the evidence was not submitted with Tabak's objection to the magistrate's decision as required under Civ.R. 53(D)(3)(a)(ii), and the lower-court judge was required to accept the magistrate's factual findings as true. However, contrary to the lower court's legal conclusion, the facts were sufficient to establish Tabak's claim for breach of contract.

{¶ 15} As the magistrate recognized, "A cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss

resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, ¶ 41. Each of these requirements were met.

{¶ 16} The magistrate reviewed the testimony and evidence that were provided. As the magistrate's decision reflects, Tabak presented testimony that the parties entered a written five-year contract and that Tabak had remitted $2,820. Tabak also testified to the terms of the contract that were agreed to by the parties, to the conduct of the parties showing the essential terms were accepted, and to Select's breach of the contractual agreement. The magistrate's decision references email correspondence that was provided. In a coverage-details document, Tabak was asked by Select to verify the coverage details for the Platinum Care plan, which included a five-year contract term, payment of $2,820 for coverage, a service call fee of $65, an aggregate policy limit of $11,000 per year, and a list of appliances covered. Tabak testified to these terms. The magistrate further recognized Tabak provided testimony and evidence showing repairs were authorized and service calls were made, claims were submitted and approved, one reimbursement payment was issued by Select, and a refund amount was paid upon written cancellation of the contract by Tabak.

{¶ 17} The magistrate's decision also shows there was testimony and evidence to support Tabak's claim of a breach by Select. As the magistrate's decision shows, Tabak testified that he made three requests for repairs, only one of which was reimbursed for "the Full Available Cap of $500" for the repair in accordance with the policy's terms. The magistrate's decision also reflects that Tabak testified

that Select failed to pay for his two other claims and had not reimbursed him for amounts paid over the $65 fee for each service call. Finally, Tabak provided evidence to support his claimed damages after accounting for the $500 reimbursement and the $1,783.71 refund.

{¶ 18} Our review of the record shows that Tabak proved his claim for breach of contract. Under the circumstances of this case, we find the lower court erred by adopting the magistrate's legal conclusion and rendering judgment for Select and by failing to determine the amount of Tabak's damages. We conclude that Tabak is entitled to judgment on his breach-of-contract claim and that the matter should be remanded to the lower court to assess the amount of damages.[1] Tabak's assignments of error are sustained.

{¶ 19} Accordingly, we reverse the lower court's decision and remand the matter to the lower court with instructions to hold a hearing to determine the amount of Tabak's damages.

{¶ 20} Judgment reversed, case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[1] We make no determination in this appeal as to the amount of damages to be awarded.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., CONCURS;
WILLIAM A. KLATT, J.,* DISSENTS (WITH SEPARATE OPINION)

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

WILLIAM A. KLATT, J., DISSENTING:

{¶ 21} I respectfully dissent from the majority's opinion finding error with the municipal court's decision and remanding this matter for a new damages hearing. Rather, I would follow the mandate that "[i]n the absence of a transcript, we must presume regularity in the trial court proceedings." *Rosett v. Holmes*, 2023-Ohio-606, ¶ 23 (8th Dist.). *See also Lakewood v. Collins*, 2015-Ohio-4389, ¶ 9 (8th Dist.) ("Failure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors."); App.R. 9; *Wells Fargo Bank v. Rennert*, 2014-Ohio-5292 ¶ 13 (8th Dist.) ("In the absence of a transcript, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts.").

{¶ 22} I agree with the majority opinion that the documents in the record indicate that there was a contract between the parties. The magistrate also found that the appellant "established the existence of some contract." Magistrate's

February 20, 2024 Factual Findings and Conclusions of Law. However, the magistrate made a factual determination that appellant failed to prove the essential terms of the contract. Without evidence of those essential contract terms, the magistrate was unable to determine the nature of the breach or damages. Therefore, the magistrate found that the appellant failed to satisfy his burden of proof. Because the appellant failed to file a transcript of the trial with his objections to the magistrate's decision, the trial court was required to accept the magistrate's factual findings. *Wells Fargo*.

{¶ 23} Even if we assume that the appellee is deemed to have admitted a breach of contract by failing to file an answer pursuant to Civ.R. 8(D) — (a point not addressed in the magistrate's Findings of Fact and Conclusions of Law nor raised in appellant's brief on appeal), the documents in the record still do not provide sufficient information to determine what essential terms of that contract were breached and/or what damages resulted therefrom. It is certainly possible that the appellant presented testimony at trial in an attempt to explain and/or supplement the documents he provided to the magistrate. But the magistrate made a factual determination that appellant failed to satisfy his burden. As noted above, without a transcript, the trial court was required to accept the magistrate's factual findings, and we have no ability to review those factual determinations on appeal without a transcript or App.R. 9(C) statement of evidence.

{¶ 24} Lastly, I note that to succeed on a breach-of-contract claim, a plaintiff must prove (1) the existence of a contract, (2) plaintiff's performance under the

contract, (3) defendant's breach, and (4) resulting damages. *On Line Logistics, Inc. v. Amerisource Corp.*, 2003-Ohio-5381, ¶ 39 (8th Dist.); *Lo-Med Prescriptions Servs, Inc. v. Eliza Jennings Group*, 2007-Ohio-2112, ¶ 15 (8th Dist.). Here, based on the evidence presented at trial, the magistrate found she was unable to provide relief in damages because the appellant failed to prove what essential terms of the contract were breached. Because I see no basis to overturn the trial court's judgment, I would affirm the trial court's decision.