[Cite as *Bennett v. Esmond*, 2025-Ohio-5299.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Paula Bennett

    Appellee

v.

Kevin Esmond, et al.

    Appellants

Court of Appeals No.  {48}L-25-00096

Trial Court No.  CVG-24-15550

**DECISION AND JUDGMENT**

Decided: November 25, 2025

* * * * *

Christina Rodriguez, for appellants.

* * * * *

**MAYLE, J.**

{¶ 1} Appellants, Kevin Esmond and Jamilah Rose, appeal the April 3, 2025 judgment of the Toledo Municipal Court denying their requests for damages in an amount double their security deposit and for attorney fees.  For the following reasons, we reverse.

**I. Background and Facts**

{¶ 2} This case originated as a forcible-entry-and-detainer action that appellee, Paula Bennett, filed against Esmond and Rose in the Toledo Municipal Court, which

included a claim for damages.[1]  Shortly after the case was filed, Esmond and Rose moved to consolidate it with a rent-escrow case that Rose had previously filed against Bennett, which the trial court granted.  Esmond and Rose filed an answer and counterclaim in which they denied breaching their lease or unlawfully detaining the premises and asserted claims for breach of landlord obligations under R.C. 5321.04(A), breach of right of access under R.C. 5321.04(B), retaliation under R.C. 5321.02, breach of the implied covenant of quiet enjoyment, and wrongful seizure of their personal property.

{¶ 3} A couple of weeks later, Esmond and Rose moved to file an amended answer.  The trial court granted their motion.  Their amended answer included the same counterclaims and added a claim for wrongful withholding of security deposit under R.C. 5321.16.  In that claim, they alleged that Bennett wrongfully withheld the $575 security deposit that Esmond paid because Bennett provided an itemized list of deductions from the deposit outside of the statutory deadline and included erroneous and meritless deductions.

{¶ 4} The court held a bench trial on Bennett's complaint.  At trial, Bennett testified that Esmond and Rose were in default of their lease because of a "breakdown of communication" and because there were "numerous occasions that [she] tried to obtain access to the apartment and they won't let [her] in."  She also claimed that Rose did not comply with the escrow laws when she initiated her escrow case.

---

[1]  Bennett has not filed a brief or otherwise participated in this appeal.

2.

{¶ 5} On cross-examination, Bennett admitted that she did not put the reason for terminating the lease on the lease termination notice that she gave Esmond and Rose and that she had accepted late rent from Esmond and Rose multiple times.

{¶ 6} Bennett did not submit any evidence regarding damages to the property. Bennett's testimony was the only evidence presented at trial.[2]

{¶ 7} In its judgment entry, the trial court noted that Bennett was seeking $3,294.07 in damages, which it pulled from Bennett's exhibit 2.[3] It went on to find that a landlord must establish a link between the tenant and the alleged damages to prevail on a claim for damages beyond ordinary wear and tear, and must present evidence of the condition of the premises before they were damaged. However, Bennett "fail[ed] to lay proper foundation as to the source of the damages and to provide documentation that the payment for the damages was accurate . . . ." Therefore, the trial court found that her claim for damages was not well-taken.

{¶ 8} Regarding Esmond and Rose's counterclaim for the wrongful retention of Esmond's security deposit (the only counterclaim that is in dispute on appeal), the court first found that they asserted this claim at trial and did not include it in their answer. It went on to note that R.C. 5321.16 requires a landlord who has been given a forwarding address in writing to, within 30 days, provide a tenant with an itemized list of damages allocating the security deposit and return any portion of the security deposit not allocated.

---

[2] There was additional evidence at trial regarding the rent escrow case, but it is irrelevant for our purposes.
[3] There was no exhibit 2 admitted—or even mentioned—at trial.

3.

The court found that it was undisputed that Bennett was aware of Esmond and Rose's forwarding address, but there was no testimony that either Esmond, Rose, or their attorney did not receive exhibit 2, which was a list of damages including an allocation of the security deposit. The court concluded, "as [Bennett] has complied with O.R.C. 5321.16, while the court has found that [Bennett's] alleged damages are unsupported by the evidence on the record, the court finds that [Bennett] did not withhold the security deposit wrongfully pursuant to O.R.C. 5321.16 . . . ." Therefore, the court determined that Esmond was entitled to the return of his security deposit, but not the additional damages or attorney fees provided under R.C. 5321.16(C).

{¶ 9} Esmond and Rose now appeal, raising three assignments of error.

> I. The trial court erred as a matter of law by refusing to award Appellant-Tenants statutory damages pursuant to R.C. 5321.16(C) after finding that the Appellee-Landlord did not have a substantive right to retain the security deposit; and
>
> II. The trial court erred as a matter of law in finding that Appellee-Landlord's withholding of Appellant-Tenants' security deposit was not 'wrongful' in violation of R.C. 5321.16 because whether the landlord has complied with the written itemization requirement under R.C. 5321.16(B) is irrelevant to the wrongful withholding determination under R.C. 5321.16(C).
>
> III. The trial court erred as a matter of fact in finding that Appellant-Tenant did not assert a claim for the wrongful withholding of his security deposit in formal pleadings, as such is contained in Appellant-Tenant's amended Answer and Counterclaims, which the trial court accepted.

4.

## II. Law and Analysis

{¶ 10} In their third assignment of error, Esmond and Rose argue that the trial court erred as a matter of fact by finding that they first raised the issue of Bennett wrongfully withholding the security deposit at trial. We agree.

{¶ 11} We review a judgment following a bench trial under a manifest weight of the evidence standard. *Terry v. Kellstone, Inc.*, 2013-Ohio-4419, ¶ 12 (6th Dist.). In reviewing the judgment, we weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trial court clearly lost its way in resolving evidentiary conflicts so as to create such a manifest miscarriage of justice that the trial court's judgment must be reversed. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 20. As part of this review, we presume that the trial court's findings of fact are correct because the trial court "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984). We will not reverse a judgment supported by some competent, credible evidence going to all the essential elements of the case as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶ 12} Here, the trial court's finding that Esmond and Rose failed to raise wrongful withholding of the security deposit until trial is against the manifest weight of the evidence. The record clearly shows that (1) they moved, before trial, to amend their answer; (2) the trial court granted their motion; and (3) their amended answer includes a

5.

counterclaim for wrongful withholding of their security deposit under R.C. 5321.16.

Therefore, Esmond and Rose's third assignment of error is well-taken.

{¶ 13} In their first and second assignments of error, Esmond and Rose argue that the trial court erred by finding that Bennett's withholding of their security deposit was not wrongful because she complied with the written itemization requirement of R.C. 5321.16(B), and by not awarding statutory damages after finding that Bennett did not have a right to retain the security deposit. They contend that a landlord keeping any amount of deposit that she is not entitled to is "wrongful," and the statute mandates additional damages and attorney fees when the court finds that the landlord is not entitled to retain the tenant's security deposit, whether or not the landlord complied with other parts of the statute.

{¶ 14} Under R.C. 5321.16,

(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.

6.

{¶ 15} A landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees under R.C. 5321.16(B) and (C). *Smith v. Padgett*, 32 Ohio St.3d 344 (1987), paragraph three of the syllabus. This liability is *mandatory*, even if the landlord gave the tenant an itemized list of deductions from the deposit, as required by R.C. 5321.16(B). *Id.* For purposes of the statute, "amount wrongfully withheld" means "'the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make.'" *Id.* at 349, fn. 5, quoting *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 29 (1985). The statute does not require a finding of bad faith by the landlord for an award of damages and attorney fees. *Id.* at 349.

{¶ 16} Here, the trial court determined that Bennett was not entitled to any damages from Esmond and Rose and, consequently, was not entitled to withhold any of the security deposit. Thus, the "amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make," *Vardeman* at 29—i.e., the amount that Bennett wrongfully withheld—was $575, the full amount of Esmond's security deposit. Under R.C. 5321.16(C), Bennett is liable for "damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." This is true even though Bennett gave Esmond and Rose an itemized list of deductions from the deposit because the landlord's liability under R.C. 5321.16 is mandatory, whether or not she provided an itemized list or acted in bad faith. *Smith* at 349. The trial court erred when it found otherwise. Therefore, Esmond and Rose's first and second assignments of error are well-taken.

7.

### III. Conclusion

{¶ 17} For the foregoing reasons, the April 3, 2025 judgment of the Toledo Municipal Court is reversed and remanded. On remand, the trial court shall enter judgment under R.C. 5321.16 for Esmond, the party who paid the security deposit, in the amount of $575 for the security deposit plus $575 in damages, for a total of $1,150. The court shall also determine the amount of reasonable attorney fees Esmond is entitled to based on Bennett wrongfully withholding his security deposit. Bennett is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                     _____
                                                     JUDGE

Gene A. Zmuda, J.

                                               _____
Charles E. Sulek, P.J.                                 JUDGE
CONCUR.

                                               _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.