[Cite as *Armstrong v. Nettles*, 2026-Ohio-214.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Jerrika Armstrong | Court of Appeals No.  {48}L-25-00114 |
| Appellee | Trial Court No.  CVI-25-00737 |
| v. | |
| Fredrick Nettles | **DECISION AND JUDGMENT** |
| Appellant | Decided: January 23, 2026 |

* * * * *

Jerrika Armstrong, pro se, appellee.

Fredrick Nettles, pro se, appellant.

* * * * *

**OSOWIK, J.**

## Introduction

{¶ 1} This is an appeal from a May 16, 2025 judgment of the Toledo Municipal Court, awarding a default judgment in the amount of $4,470 plus court costs and per annum statutory interest from the date of the judgment in favor of appellee, Jerrika Armstrong.

{¶ 2} On January 24, 2025, appellee filed a complaint in Toledo Municipal Court, Small Claims Division, against appellant, Frederick Nettles, Jr., alleging "Defendant

owes Delinquent daycare payment and damage to 2005 Pontiac vibe.  Defendant agreed to pay $68 a week for daycare for shared child.  Cost has now exceeded way beyond due date accumulating $1570.  Damage was done to back bumper, exhaust, trunk/hatch of vehicle 2005 Pontiac vibe which he was involved in a single accident."  On her complaint, appellee specifically instructed the Clerk to issue notice to appellant by ordinary mail if certified mail notice was returned as Unclaimed or Refused.

{¶ 3} On January 24, 2025, the record establishes that the Clerk issued a summons and a copy of the complaint by certified mail to appellant notifying him of a court date of February 27, 2025. The record also establishes that the certified mail notice to appellant was returned to the Clerk on February 24, 2025 and marked as "REFUSED" by the Post Office.

{¶ 4} The record of the Clerk also indicates that on February 24, 2025 a summons and complaint were issued by ordinary mail to appellant, notifying him of the new court date of April 1, 2025.   There is nothing in the record to indicate that this notice was returned unclaimed.

<u>The April 1, 2025 Small Claims Hearing</u>

{¶ 5} When the case was called, the following transpired:

THE COURT:       So Mr. Nettles, I'm told, just two minutes ago that he called this morning saying he wasn't going to be here.

THE CLERK:       He said he had work and he wasn't able to make it.

2.

THE COURT: Okay. So I will recommend a default judgment in your favor. You've got some evidence here?

Ms. ARMSTRONG: Yes. Estimates and daycare payments.

{¶ 6} The court then took possession of three exhibits which were marked as Plaintiff's Exhibit 1, a damage estimate from a body shop; Plaintiff's Exhibit 2, two pictures depicting damage to a vehicle and Plaintiff's Exhibit 3, copies of text messages ostensibly between appellant and appellee. Thereupon the magistrate recommended a default judgment in the amount of $4,470 plus court costs and per annum statutory interest from the date of the judgment in favor of appellee.

{¶ 7} On April 15, 2025, appellant filed objections to that recommendation. In his objections, he claimed "The damages to the vehicle are false." He further claimed that he was willing to pay "every other week paid my portion $120 total for daycare."

{¶ 8} Upon an independent review, on May 16, 2025, the trial court denied the objections and awarded judgment in the amount of $4,470 plus court costs and per annum statutory interest from the date of the judgment in favor of appellee.

### Assignment(s) of Error

{¶ 9} Appellant presents a single assignment of error for our review which states:

The trial court erred to the final order, by granting the appellee default judgment of 4,470 dollars in daycare payments and damages to vehicle. Also violating appellant constitutional rights, requiring reversal under Section 2321.18 .

{¶ 10} In his brief, appellant argues three points in support of his assignment. For his initial point, he states that he was unable to attend the trial court hearing "due to work

3.

hours." Also, he implores this court to "review and look over thoroughly the information presented" in the case. In his second point, he argues that "the receipt received in the transcript is false" and that the "damage received in transcript are frivolous." In his final enumerated point, appellant appears to concede on the daycare expense claim by stating that "appellant consensually agreed to make payments for our childcare expenses." He further argues that "Nothing was written on paper or looked over to oblige me to pay daycare expenses." He further argues that due to lack of evidence, "under section 2321.18 ORC appellant deserves a new trial."

### Analysis

{¶ 11} This is an appeal from a default judgment as a result of appellant's failure to appear at the April 1, 2025 small claims hearing. Appellant is not claiming that he was not notified of the hearing. In fact, the record establishes that he was issued a summons by the Clerk. Nevertheless, he failed to appear or request a continuance. To the contrary, the magistrate acknowledged on the record that appellant had indeed called the court the morning of the hearing and told the Clerk that he "had work and wasn't able to make it."

{¶ 12} Essentially, appellant's arguments mirror his objections to the magistrate's report before the trial court. His objections claimed "The damages to the vehicle are false. Further, "For the daycare payment, I willingly every other week paid my portion $120 total for daycare."

{¶ 13} Appellant seems to be arguing that the trial court's judgment was against the manifest weight of the evidence and that the court abused its discretion in awarding

4.

appellee a judgment for $4,470. He bases his argument on his contention that appellee introduced "false" evidence concerning the automobile damage and that the claim was "frivolous." Furthermore, with respect to the claim for daycare expenses, he openly concedes and admits his obligation and "consensually agreed to make payments for our child daycare expenses" despite the fact that "Nothing was written on paper."

{¶ 14} We will not reverse a judgment supported by some competent, credible evidence going to all the essential elements of the case as being against the manifest weight of the evidence. *Bennett v. Esmond*, 2025-Ohio-5299, ¶ 11 (6th Dist.), citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶ 15} The record establishes that appellee presented exhibits in support of her claims and that the magistrate and the trial court considered these exhibits in awarding the amount of judgment. Further, by his failure to appear at the small claims hearing despite notice, appellant has no basis to contest that the trial court's decision was against the manifest weight of the evidence. Where a party who is not in default, nevertheless, fails to appear at a hearing or trial, that party may be found to have no support for any further review of the findings. *Dover Elevator Co. v. Onapolis*, 1997 WL 286138, *3 (11th Dist. May 23, 1997), citing Ankrom *v. Ankrom*, 30 Ohio App.3d 47 (8th Dist. 1985).

{¶ 16} Appellant proffered no evidence or testimony to contradict the otherwise sufficient evidence which was presented by appellee to the trial court. Appellant had the opportunity to produce his evidence and present his arguments. Appellant chose to ignore

5.

this opportunity or even move the court for a continuance. Appellant cannot claim now on appeal that he was denied due process when he failed to act. *Watterson v. King,* 2006-Ohio-2305, ¶ 17 (5th Dist.). We therefore find appellant's assignment of error not well-taken and it is denied.

## Conclusion

{¶ 17} For all of the foregoing reasons, the judgment of the Toledo Municipal Court is affirmed.

{¶ 18} Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, P.J.      _____
                     JUDGE
Christine E. Mayle, J.

Charles E. Sulek, J.       _____
CONCUR.                JUDGE

                _____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.